FIRST NATIONAL BANK OF STILLWATER *vs.* MYRON SHEPARD.

September 29, 1875

County Treasurers—Deposit of Public Funds in Banks.—That part of the act of March 10, 1873, entitled "An act to amend Gen. St. ch. 8, § 131, relating to the duties of county treasurers and the care of the public funds," which provides for a deposit in banks, by the county treasurers, of the funds in the county treasuries, is constitutional and valid, and applies to all the funds in such treasuries.

Plaintiff, in April, 1873, was designated by the board of auditors of Washington county as one of the depositaries of the county funds, and filed a proper bond, properly approved. The defendant, treasurer of the county, refused to deposit any of such funds with plaintiff, whereupon plaintiff obtained from the district court for the county, *Crosby*, J., presiding, an order directing that a writ of *mandamus* issue, requiring defendant to deposit with plaintiff a moiety of the county funds. From this order the defendant appeals.

*Wm. M. McCluer*, for appellant.

*Fayette Marsh*, for respondent.

GILFILLAN, C. J. This case raises only the question, is the act of the legislature of March 10, 1873, entitled "An act to amend section one hundred and thirty-one, of title five, of chapter eight, of the general statutes, relating to the duties of county treasurers, and the care of the public funds," (Laws 1873, ch. 38,) constitutional and valid?

The part of this act which is brought most directly in question is in these words: "All the funds of any of said counties in this state shall be deposited by the county treasurer in one or more designated national banks, or state or private bank or banks, on or before the first day of each month, in the name of the proper county of which said board are officers;" the bank or banks to be designated by the board of auditors provided by the act, and such bank to give security as therein required.

Upon all proper subjects of legislation the legislature of

the state is supreme, except where its power to legislate is taken away or restrained by some provision, either of the state or federal constitution. Certainly there is nothing in the federal constitution touching the power of the state legislatures in such cases, and there is nothing in the constitution of the state affecting the power of the legislature to pass such a law as this, unless, by implication, § 12, art. 9, is to be held as applying to such cases. That section makes it a felony for any officer or person charged with the safe-keeping, transfer and disbursement of the same to loan, with or without interest, contrary to law, or to deposit in bank, or to exchange for other funds, or to convert to his own use in any form, " any portion of the funds of the state."

It is claimed by the appellant, *first*, that this disables the legislature to pass any act which shall provide for depositing any part of the funds of the state in banks; *second*, that the "funds of the county" are (in part) state and school funds—that is, that a part of the funds brought into the county treasuries belong to the state; *third*, that the law of 1873 contemplates a deposit of all the funds in the county treasury, whether raised for state, county, school, or other purposes, and that it, therefore, provides for depositing in banks the funds of the state, and so violates § 12, art. 9, of the constitution.

We think the appellant is right in claiming that the act in question applies to all the funds in the county treasury, without regard to the purposes or uses for which they were raised; but without expressing any opinion as to whether or not the provisions of § 12, art. 9, of the constitution were intended to limit the control of the legislature over the funds of the state, we think clearly that the funds referred to in that section are not those which are in process of collection, or which are in the county treasuries, and which have not been distributed and paid over to the various municipalities for whose use they may have been collected.

The moneys in the county treasuries are mainly made up by taxes levied by, and collected for, and which belong to, various municipalities—the state, county, cities, towns, school districts, etc. If the act in question assumed to divert any of these funds from the purposes and uses for which they were raised, or to debar, even for a short time only, the municipalities entitled to them of their use, it would present a very serious case. But it does not. It does not authorize any deposit on time. Those who are entitled to call for the funds may make their calls under this act with as much punctuality as though the act had not passed. That the county is entitled to the interest on the deposit if that be so (and whether it is so or not we do not decide) would certainly not make the act unconstitutional; for that, under this law, would deprive no municipality of any right. Such municipality is not bound to leave the funds a day after it would be, without this act, entitled to receive them.

It is argued that the act is so indefinite and defective that it cannot be carried out, because it places the funds beyond the control of the disbursing officer of the county—the treasurer. We do not so understand the act. In the absence of any provision to the contrary, it must be presumed that the act intends that the moneys are to be deposited, to be checked out by the treasurer whenever he is required to make payments out of such moneys.

Order affirmed.