## PROVISION FOR DEPOSIT OF PUBLIC FUNDS.

[Circuit Court of Fairfield County.]

THE STATE OF OHIO, EX REL THE CITY OF LANCASTER, OHIO, BY
AUGUSTUS W. MITHOFF, SOLICITOR OF THE CITY OF
LANCASTER, OHIO, v. FRANK E. BOWERS, TREAS-
URER OF THE CITY OF LANCASTER, OHIO.

Decided, September Term, 1903.

*Mandamus—City Treasurer—Depositary of Public Funds—Sections
135 and 136 of the Municipal Code of 1902—City Solicitor May
Commence Proceedings under Section 1777 and Section 137 of the
Municipal Code—Municipality Would not Have Adequate Remedy
at Law, when—Section 135 of Municipal Code Constitutional—
Ordinance Passed at Special Meeting of Council Valid—Effect of
Failure to Notify Member of Special Meeting—Treasurer has no
Discretion under Section 135 and 136—Sufficiency of Bond of De-
positary of Public Funds.*

1. Under Section 1777 Revised Statutes of Ohio, as amended April 1,
   1890 (87 O. L., 122), and Section 137 of the act of October 22,
   1902 (96 O. L., 65), known as the Municipal Code, no action of the
   council of a municipity is necessary or required to empower or
   authorize the solicitor thereof to commence proceedings in man-
   damus to compel an officer or board of the municipality to perform
   any duty expressly enjoined by law or ordinance, when such officer
   or board refuses to perform such duty.
2. A municipality would not have an adequate remedy at law if the
   treasurer thereof disobeyed its valid ordinance, and refuses to de-
   posit the public funds in his hands as such treasurer in a depos-
   itary lawfully selected by its council, under Section 135 of said
   act of October 22, 1902.
3. Section 135 of said act of October 22, 1902, providing that council
   shall have authority to provide by ordinance for the deposit of
   all public moneys coming into the hands of the treasurer in such
   bank or banks situated within the city which may offer, at com-
   petitive bidding, the highest rate of interest, etc., is constitutional
   and valid.
4. An ordinance selecting such depositary passed at a special meeting
   of the council when one member of the council was absent and

*Affirmed by Supreme Court without report, February 16, 1904. Spear,
C. J., Davis, Shauck, Price and Crew, JJ., concur. OHIO LAW RE-
PORTER, February 22, 1904, p. 883.

had not been notified of the meeting is not for that reason invalid or void.

5. The treasurer of a municipality has no discretion as to whether he will or will not obey an ordinance legally passed by council, providing for a depositary for all public funds, including school funds, coming into his hands as such treasurer, under Sections 135 and 136 of the act of October 22, 1902, and upon his refusal to obey such ordinance mandamus will lie to compel him to do so.

6. When it appears at the time an ordinance was passed by a municipality selecting a depositary, under said Section 135, a bond was given in double the amount of the funds then in the treasurer's hands, including school funds, and, afterwards, additional funds come into his hands, the depositary, with the approval of the council, may give an additional bond to cover the increase, so as to keep the security double the amount to be deposited.

In mandamus.

This is an action or proceeding in mandamus to compel the city treasurer of the city of Lancaster, Ohio, to deposit the public moneys of which he has charge in a bank selected as depositary pursuant to an ordinance of the city council, under Section 135 and 136 of the Municipal Code (96 O. L., 64, 65.)

The plaintiff filed in this court August 29, 1903, the following petition: (Omitting caption, signatures and verification.)

"The relator, August W. Mithoff, says that he is and for several years last past has been the duly elected, qualified and acting solicitor of the city of Lancaster, Ohio, and a tax-payer, resident and citizen thereof, and he files this petition as relator as such solicitor and on behalf of said city.

"That the city of Lancaster is a municipal corporation situated in Fairfield county, Ohio, classed as a city under the laws of Ohio.

"That defendant, Frank E. Bowers, is and since April 13, 1903, has been the duly elected, qualified and acting treasurer of said city of Lancaster, Ohio.

"That on June 29, 1903, the city council of said city duly enacted an ordinance, entitled, 'An ordinance No. 10 providing for the deposit of all public moneys coming into the hands of the treasurer of the city in such bank or banks, situated within the city, which may offer at competitive bidding the highest rate of interest therefor and give bond as required by law,' which said ordinance was duly approved, signed and returned by the mayor of said city, on June 30, 1903, and was thereupon published in two newspapers of opposite politics printed, pub-

lished and of general circulation in said city, for two consecutive weeks, all as required by statute.

"In and by said ordinance it was provided by said city council that all public moneys coming into the hands of the treasurer of said city should be deposited in such bank, situated within said city, as might offer at competitive bidding the highest rate of interest therefor and give sufficient bond therefor of some approved guaranty company in a sum at least double the amount to be deposited; and in and by said ordinance it was provided that the clerk of said council should publish in two newspapers printed and of general circulation in said city once a week for four consecutive weeks a notice inviting sealed proposals from all banks situated within said city, stipulating the rate of interest that shall be paid for the use of the money aforesaid for the period of two years, and that on the day named in said notice the clerk of council should in the presence of the finance committee of the council and the mayor, open said proposals and transmit the same to the city council at its next meeting thereafter, and the council should award the same to the bank offering the highest rate of interest therefor and giving bond as required by law, and that such bank should thereupon become the depositary of the public moneys of said city for the period of two years next thereafter ensuing.

"It was also provided by said ordinance that the treasurer upon receipt of a written notice signed by the president and clerk of council stating that a depositary had been selected and the name of such bank so selected should deposit in such bank all public moneys in his custody subject to said terms and conditions aforesaid.

"And that pursuant to said ordinance the clerk of council duly published in the *Lancaster Gazette* and *Ohio Eagle,* two newspapers printed, published and of general circulation in said city and of opposite politics, once a week for four consecutive weeks, a notice inviting sealed proposals from said banks as aforesaid, stipulating the rate of interest they offered to pay for such deposit, and named August 13, 1903, at 12 o'clock noon, as the time for opening such bids; and pursuant to said notice and ordinance, the Hocking Valley National Bank of Lancaster, Ohio, duly filed its sealed bid with said clerk of council and therein offered to pay the sum of two and fifty-five one-hundredths per cent. per annum interest upon daily balances, for the use of said moneys for the period of two years as aforesaid, and on August 13, 1903, after 12 o'clock noon, the clerk of council in presence of the finance committee of the council and mayor opened all bids and publicly read the

same and transmitted the same to the city council at its next meeting, and said bid of said the Hocking Valley National Bank of Lancaster, Ohio, offered the highest rate of interest and was the highest and best bid therefor; and at their said meeting the city council duly received said bid and approved and accepted the same and ordered said bank to file its depositary bond as required by law and said ordinance; and on August 20, 1903, said bank duly filed with said council a good and sufficient bond as its depositary bond as aforesaid, being in the sum of one hundred thousand dollars, which was double the amount to be deposited, conditioned that it would receive and safely keep said public moneys and pay the same upon the lawful orders and vouchers of said city and its authorized officers, which said bond was duly executed by said bank and the United States Fidelity & Guaranty Company, of Baltimore, Md., as its surety; and said the United States Fidelty & Guaranty Company, of Baltimore, Md., was and is an approved guaranty company duly authorized by law to do business in this state. and on August 20, 1903, the city council duly accepted said bond and approved the same and named said the Hocking Valley National Bank of Lancaster, Ohio, as the depositary of the public moneys aforesaid, and on August 27, 1903, the defendant was personally served with a written notice signed by the president and clerk of the council stating that said bank had been selected as said depositary for all public moneys coming into his possession as such treasurer.

"And that said the Hocking Valley National Bank of Lancaster, Ohio, was, and is a national bank under the statutes of the United States of America, doing a banking business and ituated within the city of Lancaster, Ohio, and is ready and able to receive said public moneys as aforesaid.

"And all said proceedings in connection with such competitive bidding and deposit of such moneys were conducted in such manner as to insure full publicity and were open at all times to the inspection of any citizen.

"And that on said August 27, 1903, and continuously since, the defendant has had in his custody as treasurer of said city a large sum of money, viz., the sum of $45,000 public moneys in his hands.

"And that on August 27, 1903, it became and was the official duty of defendant, as treasurer as aforesaid, to deposit said public moneys in said depositary, the Hocking Valley National Bank of Lancaster, Ohio, as shown by the premises, but said treasurer has without cause failed and refused so to do, and has not deposited said funds or any. part thereof in said depositary, but yet refuses so to do.

"That the relator has no complete or adequate remedy at law in the premises to enforce the provisions of said ordinance.

"Wherefore, relator prays that a writ of mandamus issue commanding defendant as treasurer as aforesaid to forthwith deposit said public moneys aforesaid in said the Hocking Valley National Bank of Lancaster, Ohio, being said depositary, and for all other proper relief."

At the September Term, to-wit, September 1, 1903, of this court for said county, it was ordered that an alternative writ of mandamus issue to the defendant, Frank E. Bowers, treasurer of the city of Lancaster, Ohio, commanding him that he forthwith deposit all public moneys now in his hands, or hereafter coming into his hands, as treasurer of the city of Lancaster, Ohio, in and with the Hocking Valley National Bank of Lancaster, Ohio, as the designated depositary thereof, as provided by ordinance of said city, as set out in the petition, or else that he, the said respondent, answer or otherwise plead to said petition by the 15th day of October, 1903, and show cause why he has not done or should not do said act, and the clerk shall forthwith issue such writ and attach thereto a true copy of the petition that the same may be served upon the defendant by the sheriff.

By agreement of both parties this cause was assigned for trial upon October 21, 1903, and said term of this court was ordered to remain open and unadjourned for such purpose.

September 5, 1903, the alternative writ was issued pursuant to said order, which came into the hands of the sheriff of said county September 8, 1903, and on the same day the writ was served upon the defendant, Frank E. Bowers, Treasurer of the City of Lancaster, Ohio, personally, by delivering to him a duly certified copy of the writ including the petition, verification and order.

On the 15th day of October, 1903, the defendant filed his answer, which is as follows: (Omitting caption, signatures and verification.)

"And now come the defendant, and for answer to the alternative mandamus, says: That plaintiff ought not to have its said writ of peremptory mandamus because he saith:

"*First Defense.* The city council of said city did not by any resolution or ordinance, or in any other manner, ever direct or authorize the institution or prosecution of said proceeding in mandamus or any other action against said defendant; and the said proceeding was begun and carried on by the said city solicitor of his own volition and without any lawful authority whatsoever.

"*Second Defense.* The statute under which the city council of said city—being Section 135 of the act of the General Assembly passed October 22, 1902—professed to exercise the power of creating a depositary of said public moneys by said alleged ordinance is unconstitutional, null and void.

"*Third Defense.* The defendant denies that the said alleged ordinance No. 10 of date June 29, 1903, providing for the deposit of said public moneys was duly enacted, as is averred in the petition.

"He also denies that the said city council ever duly accepted the bid of the said the Hocking Valley National Bank as such depositary, and he avers that the action of the council professing to accept said bond of said Hocking Valley National Bank was illegal and void, because the same was not had at any regular or adjourned meeting of that body, but at a so-called special meeting on August 20, 1903, notice of which was not given to all the members of the council, served personally; or left at their usual place of abode, and all of them were not present at such special meeting and did not participate in such proceedings.

"And the bond of said bank as such depositary was therefore never accepted by the said council, nor any contract ever made or entered into between said bank and council for the deposit of said public moneys.

"*Fourth Defense.* The defendant is not only treasurer of said city, but also ex-officio treasurer of the school funds of said city, which is the city school district of the second class and includes a large territory outside of the corporate limits of said city, attached thereto for school purposes, and the school funds of said district in the custody and possession of the defendant as such treasurer, are made up largely of taxes collected for school purposes from persons and property not residing or lying within the boundaries of said city.

"In and by the terms and provisions of said alleged ordinance the defendant is required to deposit in said bank not only the public moneys of and belonging to said city, but also the school funds of said school district, and said alleged ordinance and the proceedings of said city council in respect thereto are

all illegal and void for the reason that the said school funds are so included therein.

"The defendant has in his possession about $45,000 of the moneys of said city, and also about $18,000 of the money of and belonging to said school district, and the bonds of said school district have been issued and sold for the sum of $75,000 additional, which is now ready to be turned over to the defendant ɩ as treasurer of said district, while the bond made and delivered by said bank as such depositary to said city is in the penal sum of $100,000 only, and no bond was ever given by said depositary to the board of education. The written notice served upon the defendant, signed by the clerk and president of the council, as set out in the petition, directed and required him to deposit in said bank, not only the city moneys, but the funds of said school district as well. The defendant has given bond, as required by law, to the said city, which has been duly approved and accepted as treasurer of said city, and also a bond to the board of education of said school district as treasurer of the school funds of said district to the acceptance and approval of said board of education, as required by law.

"For the reasons aforesaid set out in his several defenses and exercising the discretion and due care confided in and imposed upon him by law, the defendant refuses to deposit said city and school moneys or either thereof in said bank.

"Wherefore, the defendant prays the said petition of the relator and alternative mandamus issued in this case be dismissed at its costs, and for all proper relief."

To this answer the plaintiff on October 20th, 1903, filed the following reply: (Omitting caption, signature and verification.)

"Replying to the several defenses of the answer, plaintiff says: As to the third defense. At the special meeting of the city council of August 20, 1903, six of the seven members had been duly notified and were present and voted to approve said bond; the seventh member was continuously absent from the city for a number of days preceding said call and until after said meeting was held and his place of abode was closed, and service of said notice could not be made upon him within said city. And the said action of the city council at said special meeting was ratified at the next regular meeting thereof.

"As to the fourth defense: (1) The limit of the city of Lancaster and the Lancaster School District are identical. (2) Since the giving of said bond and since the commencement

of this case, the defendant has received large sums of public moneys as treasurer, so that he has now in his possession $63,000; and the original bond of $100,000 is no longer double the amount of such funds; and on October 19, 1903, said depositary, the Hocking Valley National Bank of Lancaster, Ohio, duly filed with said city council an additional bond duly conditioned for the securing of said deposits in the further sum of $100,000, being a good and sufficient bond with an approved guaranty company as surety; and said bond was duly accepted and approved by said city council on October 19, 1903.  And said bonds are more than twice the sum of public moneys now in the hands of said treasurer, to be deposited."

On the same day, to-wit, October 20, 1903, the defendant filed his motion to strike out the second sub-division of the reply to the fourth defense on the grounds that the facts therein alleged are immaterial and irrelevant.

The cause was submitted to the court upon the pleadings, evidence and agreed statement of facts.

VOORHEES, J.; DONAHUE, J., and McCARTY, J., concur.

The questions presented in this case are questions of law rather than of fact, and may be summarized as follows:

1. Can the city solicitor institute this proceeding as relator upon his own volition and without direction by resolution or otherwise from the city council?

2. Is there an adequate remedy at law?

3. Is Section 135 of the Municipal Code a constitutional enactment?

4. Is this depositary ordinance valid and lawful?

5. Has the city treasurer discretion as to whether he will or will not obey the ordinance passed by the city council under Sections 135 and 136 of the Municipal Code?

6. Can the school funds be controlled by the city council as to selecting the depositary?

7. Are the bonds of the depositary sufficient?

1. Considering these questions in their order attention will be directed to the legal capacity of the city solicitor to bring and maintain this action.

Section 1777, Revised Statutes, provides:

"He (city solicitor) shall apply, in the name of the corporation, to a court of competent jurisdiction for an order or injunction to restrain the misapplication of funds of the corporation, or the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinances governing the same, or which was procured by fraud or corruption. And he shall likewise, whenever an obligation or contract made on behalf of the corporation granting a right or easement or creating a public duty is being evaded or violated, apply for the forfeiture or the specific performance of the same as the nature of the case may require. And in case any officer or board fails to perform any duty, expressly enjoined by law or ordinance, he shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty."

Section 137 of the act of the General Assembly, of October 22, 1902, known as the Municipal Code, provides that "the powers and duties of the solicitor shall be such as are provided in Sections 1776, 1777, 1778, 1779 and 1780 of the Revised Statutes of Ohio; such as are provided in this act, and all other acts or parts of acts having uniform operation throughout the state and not inconsistent with this act," etc. This section of the Municipal Code leaves in force Section 1777 of the Revised Statutes, under which no action of the council is required for his authority to take legal steps to enforce the specific performance of a contract made by the corporation as the nature of the case may require.

This action we think falls within the meaning and language of this statute. The defendant as treasurer of the corporation refused and still refuses to perform an official act in relation to the contract made by the corporation through its council in pursuance of an ordinance passed by that body. The contention of the defendant is that because the name of the city appears in the caption the authority of the city council therefore must be had. The statute expressly provides how the solicitor shall apply for these extraordinary remedies, namely, in the name of the corporation. If it were unnecessary for the solicitor to bring the suit in the name of the city, then it would be very clear that authority from the city council would not

be a condition precedent to bringing the action, and in naming the city would be mere surplusage. On the other hand if the action is to be prosecuted in the name of the corporation the authority to bring such an action is expressly given by the statute, Section 1777, above referred to.

This section (1777) is a remedial statute and is to receive a liberal construction. Its object and meaning is to preserve to the municipal corporation its rights. It is not to protect any right peculiar to a tax-payer, but to protect a right that belongs to the city; and if it is a right for the corporation to select a depositary for the public funds of the corporation, and it has taken legal steps to select such depositary and made a contract therefor, and that contract is not complied with by any party who is liable to be so controlled, in such case the solicitor, in the name of the corporation, may bring such legal proceedings as are necessary for the specific performance of the contract. In other words, in any case where any officer or board fails to perform any duty expressly enjoined by law or ordinance, the solicitor shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty. Section 1777, Revised Statutes; *Johnson v. Farley, Mayor,* 8 Nisi Prius, 498.

The subject matter of this action and what is sought thereby is to require the treasurer of the city of Lancaster to perform a duty required by an ordinance duly passed by the city council under Section 135 of the Municipal Code, and the purpose of Section 1777, Revised Statutes, is to provide means to secure to the municipal corporation its rights under said ordinance. We think this construction is consonant with the principles recognized in *Elyria Gas Company* v. *City,* 57 O. S., 374, 383; *The State* v. *Voyce,* 43 O. S., 52; *Knorr* v. *Miller,* 5 Cir. Ct. (Ohio), 614; *Gas Light Company* v. *Zanesville,* 47 O. S., 50.

Our conclusion, therefore, is that this proceeding is properly commenced by the city solicitor in the name and on behalf of the corporation, and it was not necessary for the council of the corporation to expressly authorize the proceeding by ordinance or otherwise.

2. It is contended by the relator that the defendant should not maintain this proceeding as the city or municipal corporation would have an adequate remedy at law upon the bond of the treasurer; that his refusing to obey the direction of the city council to deposit these funds in a depositary selected by such council is not ground for mandamus, and that a suit for damages would afford an adequate remedy; and that the plaintiff, therefore, is not entitled to the writ of mandamus for the reason that there is a plain and adequate remedy for the grievance complained of in the ordinary course of the law.

An action upon the treasurer's bond or the impeachment or removal of the officer may not, and in fact are not always adequate remedies for failure to discharge an official duty; and it would not be, in our judgment, in this case, for the reason that if the council have a right to select the place of deposit of the public funds and to make a contract for the same at competitive bidding and thereby secure not only an income from the funds but additional security for their safe keeping, these advantages could not be secured in a suit for damages upon the treasurer's bond or by proceedings in impeachment of the officer. We think the principle is recognized in *The State* v. *Staley*, 38 O. S., 259, 264; *The State* v. *Hoglan*, 64 O. S., 532; *Elyria* v. *Railroad Co.*, 9 Nisi Prius, 609; 12 Dec., 609.

It is quite manifest from the pleadings and contention of counsel in this case that the refusal of the treasurer to turn the funds into the depositary selected by the city council was by reason of the different construction placed upon Section 135 of the Municipal Code, about which there may be an honest difference of opinion. In such case this would not be such evidence of incompetency or misconduct in the officer as to warrant his removal on these grounds. The proper remedy in such case is a proceeding in mandamus to compel him to act in accordance with the proper construction of the statute, or show cause why he does not. *State, ex rel Attorney-General*, v. *Hoglan*, 64 O. S., 532.

3. As to the constitutionality of Section 135 of the Municipal Code it is contended by counsel that this section is unconstitu-

tional because it is in violation of Section 6, Article VIII of the Constitution of the state of Ohio, which reads as follows:

"The General Assembly shall never authorize any county, city, town or township, by vote of its citizens, or otherwise, to become a stockholder in any joint stock company, corporation or association whatever; or to raise money for, or loan its credit to, or in aid of any such company, corporation or association."

An examination of this statute in question discloses that it does not provide for raising money or loaning credit to or in aid of any bank or other depositary named or contemplated in the statute. The city or corporation does not lend its credit to the bank or become liable for any of the bank's obligations.

"A general deposit by a county treasurer, of county funds, subject to check, is not a 'loan,' within the statutory or constitutional inhibition against the loaning of county funds with or without interest." *Alibone, Treas.*, v. *Ames et al* (Supreme Court of South Dakota), 68 North West. Rep., 165.

In *First National Bank of Stillwater* v. *Myron Shepard*, 22 Min., 196, the Supreme Court of Minnesota held:

"That part of the act of March 10, 1873, entitled 'An act to amend General Statutes, Ch. 8, Sec. 131, relating to the duties of county treasurers and the care of the public funds,' which provides for a deposit in banks by the county treasurer of the funds in the county treasury, is constitutional and valid and applies to all the funds in such treasuries."

It may aid in the construction of Section 135 of the Municipal Code, that many other states with constitutional provisions similar to Section 6, Article VIII, have adopted and sustained depositary laws for the depositing of public funds. Among them are Kansas, Michigan, Nebraska, Georgia, Iowa, Minnesota, Wisconsin, Colorado, South Dakota, New York and Pennsylvania. These enactments by so many of the states favor the wisdom or policy of such statutes. They are adopted to provide for the safe keeping and disbursement of the public money of municipal bodies and at the same time to enable such bodies to receive a reasonable compensation for the funds when not demanded for public use. They are not against public policy or in violation of constitutional provisions, such as we have in

Section 6, Article VIII of our Constitution. No other reason is urged against its constitutionality, excepting as being in violation of Section 6, Article VIII, and we are of the opinion that that section does not contemplate or inhibit the enactment of a statute having the object and purpose contemplated by Section 135 of the Municipal Code.

4. Is this depositary ordinance valid and lawful? It is assailed on two grounds: First, that the ordinance had a blank space left in it for the figures fixing the minimum amount of the bond to be given by the depositary, and that this blank was not filled in until after the ordinance was passed. Second, that the meeting of council at which the bond of the depositary was approved was a special meeting, notice of which was not given to all the members of the council. The first objection is not sustained by the facts and it will not be necessary to consume time in its further consideration. The second objection is one of a more serious nature and will require more extended review.

The meeting of the city council of August 10, 1903, at which the first depositary bond was approved, was a special meeting. Six of the seven members of council were present and unanimously approved the bond. One member was absent. The contention is that the action of the council at the special meeting is void because one member was not notified and failed to attend. It is conceded that there is no statute now in force relating specifically to the time, place or number of council meetings. Section 1677 of the Revised Statutes which formerly provided for special meetings was repealed by the act of October 22, 1902 (96 Ohio Laws, pages 96, 97). This question then is to be determined upon general principles and from the decision of courts touching the action of such bodies, as a municipal council at special or called meetings. Section 119 of the Municipal Code provides that "a majority of all the members elected shall be a quorum to do business." Section 121 provides, that "council shall determine its own rules," and Section 122 provides, that "no ordinance shall be passed by council without the concurrence of a majority of all members elected thereto." Since the repeal of Section 1677, Revised Statutes, the Legislature has not specifically fixed the time nor the place for the meetings

of the council.    Nor do the statutes make any provision for notice to members either of regular or special meetings.    A special meeting in question in this case was held at the council chamber; six members and all the officers were present; the meeting was organized in form as a council, and the proceedings were entered by the clerk upon the minute book and there attested by the signature of the clerk and president of the body. The only business transacted at the meeting was the adoption of a resolution approving the bond which was in conformity with the ordinance and former resolution of the council made in regular session.    At the next regular meeting of the city council the minutes of the special meetng were read and approved.    No charge of fraud or bad faith or concealment is made. The only question is whether the whole meeting was and is absolutely void.

It appears from the facts submitted to the court that the absent member of council at the time of the special meeting, was absent from the city, and no notice was served upon him. From these facts, what is the rule of law?    In the case of *Cupp* v. *Commissioners*, 19 O. S., 173, 180, the Supreme Court held that two of the three of the board of county commissioners may hold a special meeting as such board and transact official business, because by the statute the two are a quorum and therefore competent to organize as the board.    No mention is made of notice to the absent member.    In the case of *The State, ex rel, etc.*, v. *Trustees, etc.*, 20 O. S., 288, 293, the Supreme Court held that "special meetings of boards of township trustees may be held at any time and place within the township, and without previous notice to all the trustees; and that under the statute a majority of the board of township trustees constitute a quorum to do business at special meetings."    In the case of *The State* v. *Herbert Atherton et al* (unreported), this court, in Licking county, held that the action of the board of health at a special meeting was valid, although two of the members were absent and one of them had received no notice of the meeting.    In support of the conclusions in that case the following authorities were cited: *The State, ex rel, etc.*, v. *Trustees, etc., supra; Place*

v. *Taylor et al*, 22 O. S., 317; *Merchant* v. *North et al*, 10 O. S., 252, 257; *Bank* v. *Flour Company*, 41 O. S., 552, 558.

These decisions seem to the court as controlling in this case as to the legality of the special meeting at which the bond of the depositary was approved, and of which complaint is made in this proceeding. We therefore hold that the objection urged against the proceedings of council at its special meeting are not valid.

5. It is contended by defendant, that under Sections 135 and 136 of the Municipal Code, he, as treasurer, is vested with a discretion as to the deposit of the public funds in his hands, and therefore can not be compelled by proceedings in mandamus to exercise this discretion. Section 135, among other things, provides that:

"The treasurer, upon giving bond as required by council, may, by and with the consent of his bondsmen, deposit all funds and public moneys of which he has charge in such bank or banks, situated within the city, which may seem best for the protection of said funds, which said deposit shall be subject at all times to the warrants and orders of the treasurer required by law to be drawn, and all profits arising from said deposit or deposits shall inure to the benefit of said funds; provided, that such deposit shall in no wise release the treasurer from liability for any loss which may occur thereby."

Where statutes are couched in words of permission, or declare that it shall be lawful to do certain things, or provide that they may be done, their literal signification is that the persons, official or otherwise, to whom they are addressed are at liberty or have the option to do those things or refrain at their election (Sutherland on Stat. Con., Sec. 460). This rule is peculiarly applicable to the treasurer of a municipality as to depositing the public funds, under Section 135, for the reason he can not act without first obtaining the consent of his bondsmen. If they refuse the purposes of the law would be thwarted and rendered nugatory. Hence the wisdom of conferring authority on the council to provide for a depositary at competitive bidding.

Section 135 permissively makes provision for the treasurer of a city or municipality to deposit, with consent of his bondsmen, all funds and public moneys of which he has charge in such

bank or banks, situated within the city, which may seem best for the protection of said funds. It does not require him, only inferentially, to deposit it at a profit, but if a profit is received it shall inure to the benefit of the fund. This evinces the legislative intent to secure a profit by providing for the council of a city or municipality by ordinance to select a depositary for the public funds at competitive bidding. If the treasurer does not see proper to exercise such discretion, or make an election to so deposit the funds, it would seem that he could not be compelled to do so. The purpose or legislative intent in providing for a depositary may be presumed to be two-fold: (1) security for the public funds of a city or municipality; (2) to secure revenue for their funds while awaiting distribution. These purposes, so far as receiving revenue is concerned, may be defeated by the treasurer depositing the funds in a bank without any benefit or profit to arise from the deposit. The treasurer is not imperatively required to deposit the fund at all, and if deposited, it is not required of him to be at a profit; it is only when a profit is received it shall inure to the benefit of the funds.

In the same section (135) it is provided, that the "council shall have authority to provide by ordinance for the deposit of all public moneys coming into the hands of the treasurer in such bank or banks situated within the city which may offer, at competitive bidding, the highest rate of interest, and give good and sufficient bond of some approved guaranty company, in a sum at least double the amount to be deposited, and to determine in such ordinance the method by which such bids shall be received, the authority which shall receive them, the time for the contracts for which deposits of public moneys may be made, and all details for carrying into effect the authority here given: provided, that all such proceedings in connection with such competitive bidding and deposit of such moneys sh 'l be conducted in such manner as to insure full publicity, and shall be open at all times to the inspection of citizens," etc. The discretion thus given council, if it be a discretion, can not consistently with the rules of law be resolved in the negative, but is imperative: and mandamus

would lie to compel action by the council. Sutherland on Stat. Con., Section 462, page 597, and authorities cited in note 1.

The rule is, that where power is given to public officers, as is given the council in Section 135, or in equivalent language, whenever the public interest calls for its exercise, the duty to so exercise the power is peremptory. In all such cases the intent of the Legislature, which is the test, is not to devolve a mere discretion, but to impose a positive and absolute duty (*Supervisors* v. *United States*, 4 Wall., 446, 447). A public duty, plain and specific, and positively required by law, is ministerial in its nature, and not calling for the use of discretion will be enforced by mandamus in the absence of other means of relief. *The State, ex rel,* v. *Moore*, 42 O. S., 103; *Commissioners* v. *Hunt*, 33 O. S., 169.

Section 135 provides that council shall have authority to provide by ordinance for the deposit of all public moneys coming into the hands of the treasurer in such bank or banks, etc. The council of the city of Lancaster has acted under this authority, and have passed such ordinance and have notified the treasurer of their selection of a bank. He refused and still refuses to comply therewith. It does not appear from any pleading in the case that the treasurer has made any selection of a depositary for the funds in his hands as treasurer. So the question as to his being prior in time, and therefore superior in right, does not arise in this case. But suppose he had exercised the right given in this section is his right paramount or equal to the rights of the council to select a depositary by ordinance? Public policy would favor the claim of the council for this if no stronger reason. The council are to make their selection at competitive bidding and the law favors, everything else being equal, public sales to private sales.

It may be urged that Section 135 provides first, for the treasurer making the selection of a bank or depositary for the public funds, and should he do so and make a contract with the bank so selected, then to permit the council as the legislative body of the city to pass an ordinance impairing the contract so made by the treasurer would be a violation of a constitutional right. This contention is not sound for this reason: The

contract would necessarily embrace within its terms the statute, and the right of council to pass an ordinance selecting a depositary at competitive bidding, which is paramount to the treasurer's right to do so, and if he does make such contract it must be and remain subject to be annulled by the action of council in the exercise of its superior rights under the law.

It is urged that the proviso which provides, "that as to any deposits made under authority of an ordinance of council pursuant hereto, neither the treasurer nor his bondsmen, if the treasurer has exercised due care, shall be liable for any loss occasioned thereby," destroys the act as being unreasonable in holding the treasurer responsible for losses when his discretion to select a place of deposit is taken from him. This contention is to be tested by the meaning to be given to the phrase or words, "if the treasurer has exercised due care." What does the clause mean?

If the treasurer deposits the public funds according to the ordinance of council, and they are lost, he is not to be held liable unless his carelessness has contributed thereto; the carelessness contemplated is not related to the propriety of the ordinance or the character of the bank selected, or its bond, but the manner of dealing with the deposits after they are so made. If the treasurer should by carelessness give an order on the bank to the wrong person or for the wrong amount and the order is paid, in such case he is to be held responsible. Certainly this is only a reasonable provision and does not militate against the wisdom of the Legislature in drawing this additional safeguard around the public funds of a municipality.

6. It is urged that the provisions of Section 135 can not apply to the school funds.

The depositary act says (Section 135) "Council shall have authority to provide by ordinance for the deposit of all public moneys coming into the hands of the treasurer," etc.

Section 136, Municipal Code, provides, that "the treasurer shall receive and disburse all funds of the city including the school funds, and such other funds as arise in or belong to any department or part of the city government."

Without further discussion we are of opinion that the school funds are subject to the same control as other public funds in the hands of the treasurer.

7. Are the bank's bonds sufficient?

It appears, and the court find, that when the ordinance was passed the treasurer had less than $50,000 of public funds in his hands, including school funds. The first bond was fixed at $100,000. The treasurer refused to comply with the ordinance, and on August 29, 1903, the city solicitor commenced this proceeding. He filed the petition on that day. The treasurer on that day had less than $50,000 in his hands. On September 1, 1903, this court held its term in Fairfield county, commencing on that day. The parties appeared in open court and agreed that the trial of this case should be had October 21, 1903. The defendant was present in person and by counsel consented to said arrangement. On September 1, 1903, the treasurer received a payment of money from the county treasurer increasing the fund in his hands to $63,000. On the 15th day of October, 1903, he filed his answer in this proceeding wherein it was alleged that he had this amount of money in his hands. Thereupon the depositary bank filed with the city council a second and additional depositary bond in the sum of $100,000, making the amount of the bonds more than double the amount of funds in the treasurer's hands. This last bond was approved by council at a special meeting, all members being present.

The court find as a fact that when the first bond was given and when the treasurer first refused to obey the ordinance up to the day the petition was filed and the defendant appeared in open court, as above found, the bond was in double the amount of public funds then in his hands, and after the fund was increased as before found the second bond was given in the sum of $100,000, making the bonds taken together more than double the amount of all the funds in the hands of the treasurer up to the time of this hearing. This raises the question whether by the giving of the second bond the provisions or the spirit of the law is complied with. If the act is constitutional and legal, and we hold that it is, there must be some reasonable and just method of carrying it into execution, and if the bond at any

time becomes insufficient in amount, a reasonable opportunity should be given to increase the bond, and we, therefore, hold that it was lawful and proper to give the second bond in this case.

The answer sets forth the fact that $75,000, the proceeds of bonds, is about to come into his, the treasurer's, hands. The council should require an additional bond to cover this sum as all other sums in his hands, but it is only reasonable to assume that the required security will be given and required as changed conditions may arise. The council can not in advance determine what the fluctuating conditions arising from the sale of bonds that may be required as improvements or indebtedness are created by the city through its council, and therefore the statute, Section 135, gives authority to the council to arrange by ordinance all details for carrying into effect the authorities given the council by this section. But we think this question is really to be tested as to the situation at the commencement of these proceedings. The mandamus proceedings are legally commenced when the petition is filed, and not when the alternative writ is issued or served, for such a writ is not indispensable. The court takes jurisdiction and may issue the peremptory writ upon the petition alone, without the alternative writ or notice to the defendant (Sections 6743 and 6745, Revised Statutes). The rights of these parties must be determined as they existed at the time of the bringing of the suit and not at this date (*Tucker* v. *City of Newark*, 19 Cir. Ct., 1). The petition in this proceeding being filed August 29, 1903, and proceedings thus begun, the depositary bond then given was sufficient and the defendant was in default in refusing to obey the ordinance and notice upon him to deposit the funds in the bank, namely, the Hocking Valley National Bank of Lancaster, Ohio.

We, therefore, hold that the relator is entitled to the peremptory writ prayed for in his petition, and it is accordingly ordered. The conclusions of the court necessarily imply the overruling of defendant's motion to strike out portions of the reply, and to save the question of the defendant, we here expressly overrule said motion, exceptions to be noted. Thereupon the defendant filed his motion for a new trial which was over-

ruled. Exceptions. Ten days allowed for finding of fact and statutory time for bill of exceptions.

*Augustus W. Mithoff,* City Solicitor, and *C. W. McCleery* and *Geo. E. Martin,* for plaintiff.

*James W. Miller, C. D. Martin* and *M. A. Daugherty,* for defendant.