**REBECCA MURPHY v. CLEO DALRYMPLE MURPHY**

10 So. (2nd) 136                                   Division A
October 20, 1942        Rehearing Denied November 13, 1942

Hull, Landis, Graham & French, John L. Graham, Murray Sams and J. Lewis Hall, for appellants.

Harry A. Horn and Louis Ossinsky, for appellee.

ADAMS, J.:

This appeal is from a judgment of the Circuit Court of Volusia County affirming an order of the county judge, which in effect declares Cleo Murphy, the widow of the late Frank R. Murphy. This controversy is between Cleo Murphy and Rebecca Murphy. Both claim to be the widow of the late Frank R. Murphy and entitled to administer his estate.

It appears that Cleo Murphy, the appellee, prior to the death of Frank R. Murphy instituted a suit for alimony against Murphy; an issue was framed on the question of the relationship of marriage. On this issue the court proceeded to take testimony before proceeding with other phases of the case. After some testimony was taken the wife filed a praecipe to dismiss her suit with prejudice. The husband agreed and the chancellor thereupon dismissed her suit as requested. Shortly thereafter and without cohabitation or change of status Murphy died.

The question naturally arises whether Cleo is barred from now litigating her relationship to Frank R. Murphy.

The law of res adjudicata and estoppel by judgment has many times been before our Court. The test is identity of cause of action. Identity of relief sought is not essential. See Prall v. Prall, 58 Fla. 496; 50 So. 867; Knabb v. Duner, 143 Fla. 92, 196 So. 456; Smith v. Pattishall, 129 Fla. 498, 176 So. 568.

The law appears settled by the above and many other decisions of this Court; that where the same facts were litigated the parties and their privies are estopped to further litigate such facts. Appellee claims that while this rule may be sound yet it should not apply in cases where the marital status is involved since the State is a third party to marriage contracts. With such claim we do not agree. Appellee has exhausted her remedy and had her day in court and she will not be allowed to have a second day in court to litigate her own personal right under the guise of representing society. There is another side to her contention. Frank R. Murphy closed his eyes in death with the knowledge that a court of competent jurisdiction determined in his favor on an issue of marriage vel non.

It is the judgment of this Court that the judgment appealed from be reversed with direction to proceed further not inconsistent with this opinion.

Reversed.

BROWN, C. J., WHITFIELD, and BUFORD, JJ., concur.