## FLORIDA INDUSTRIAL COMMISSION v. SCHWOB COMPANY OF FLORIDA.

14 So. (2nd) 666             June Term, 1943
August 3, 1943             Special Division B

*Burnis T. Coleman, John P. Mack* and *S. Sherman Weiss,* for appellant.

*William Blount Myers,* for appellee.

ADAMS, J.:

Appellee filed its petition in the Circuit Court of Leon County for the purpose of obtaining a redetermination of its rate of contribution under the Florida Unemployment Compensation Act. For more than three years prior to July, 1940, Simon Schwob, as an individual, was operating a chain of clothing stores under the name of The Schwob Company, and was an employer under the Florida Unemployment Compensation Act. In July, 1940, appellee corporation was formed and acquired the identical business formerly operated by The Schwob Company. Simon Schwob owned all stock in the corporation except qualifying shares issued to other parties at his direction. Schwob exercised absolute control and supervision over the business just as he had done theretofore and by virtue of such facts claims the benefit of the three years' experience of Schwob, the individual. The circuit court granted the petition and the Commission appeals.

Section 443.08, Fla. Stat. 1941, provides:

"(d) Employers shall be eligible for rate variations from

the standard rate of contributions, as hereinafter described in any calendar year, only if their employment records have been chargeable with benefit payments throughout the three consecutive calendar years ending on December 31 of the preceding calendar year."

Even a court of equity ordinarily will not pierce the corporate veil in the absence of fraud. The person holding himself out as the alter ego of a corporation may not ask that the corporate identity be cast aside to avoid payments required by law.

Our conclusion is that the Commission correctly interpreted the law as it existed when the application was made. For the benefit of the bar, we call attention to an amendment to Section 443.08, Chapter 21981, Acts of 1943.

The decree is reversed.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.