**THE TEXAS COMPANY, a corporation, v. FLORIDA INDUSTRIAL COMMISSION, a State agency.**

20 So. (2nd) 680                                    January Term, 1945
February 6, 1945                                              En Banc
Rehearing denied February 23, 1945

*Osborne, Copp & Markham* and *Cyril C. Copp,* for appellant.

*J. Tom Watson,* Attorney General, *Howard S. Bailey,* Assistant Attorney General, *Burnis T. Coleman, John P. Mack* and *S. Sherman Weiss,* for appellee.

CHAPMAN, C. J.:

It appears by the record in this controversy that The Texas Company was legally authorized to and marketed petroleum products in the State of Florida from March 4, 1927, until November 1, 1941, when it merged with or was succeeded by The Texas Corporation. It is not disputed that The Texas Corporation, during the interim *supra,* was a holding company and owned all the stock of The Texas Company.

The stock of The Texas Corporation was widely distributed and owned by approximately 90,000 persons. The

directors and officers of the two corporations were substantially the same, but The Texas Company, after the date of the merger for all purposes, apparently, ceased to exist but the merged corporation legally adopted the name of the former subsidiary, the Texas Company. The Texas Corporation simply took over the assets and succeeded to the distribution of petroleum in Florida after the merger which were previously operated and managed by The Texas Company, and by legal action adopted the name of the former subsidiary. The two corporations were organized under the laws of Delaware and a statute of that State authorized the merger, and the adoption by the merged corporation of the name of the former subsidiary, The Texas Company. It is not here contended that a consideration for the merger passed from one corporation to the other.

The Texas Company, the former subsidiary, for three years or more prior to November 1, 1941, was an employer within the terms of the Unemployment Compensation Law and made reports and paid contributions levied by law to the Florida Industrial Commission. The amount of contributions was calculated and paid to the Florida Industrial Commission at the merit rate of 1.7% based upon its employment records. The Florida Industrial Commission advised the merged corporation that its contribution rate based on its employment records since the merger was not 1.7% granted to The Texas Company, but was 2.7% as applicable to the merged corporation. The recalculation on the basis of 2.7% amounts to the sum of $2,339.68.

The merged corporation, The Texas Company, by petition applied to the Florida Industrial Commission for a recalculation of the amount due on the basis of 1.7%, on the theory that it was a successor to The Texas Company after the merger. The petition was denied by the Industrial Commission and on appeal was affirmed by the circuit court. The order as entered by the circuit court is here challenged on this appeal. Well prepared briefs have been filed by counsel for the respective parties and able oral argument heard at the bar of this Court.

Counsel for appellant contends that The Texas Company thus formed is a successor to the former subsidiary, The

Texas Company, and after November 1, 1941, was entitled to the same contribution rate of 1.7% as previously enjoyed by former subsidiary, The Texas Company. They cite and rely on Subsection (6) of Subsection III of Section 443.03, Fla. Stats. 1941 (F.S.A.); also paragraphs (a), (b),. (c) and (d) of Subsection 7 of Division III of Section 443.03, Fla. Stats. 1941 (F.S.A.), and other authorities. Counsel for appellee contend that the several contentions of the appellant are placed at rest by our holding in Florida Industrial Commission v. Schwob Co., 153 Fla. 356, 14 So. (2nd) 666.

Careful consideration by the Court has been given to this controversy and the several contentions of counsel for the respective parties. Chief Justice CHAPMAN and Justices TERRELL, BROWN, THOMAS and SEBRING are of the view that the present corporation, The Texas Company, is a successor of former subsidiary, The Texas Company within the meaning of the cited statutes, and that as such successor is entitled as a matter of law to have contributions calculated by the Florida Industrial Commission and paid at the merit rate of 1.7% based on the employment as disclosed by the records of The Texas Company; while Justices ADAMS and BUFORD are of the view that the case should be affirmed on authority of the Schwob Co. case, *supra*.

It follows that the order of dismissal entered by the lower court is hereby reversed with directions for further proceedings not inconsistent with this opinion.

It is so ordered.

TERRELL, BROWN, BUFORD, THOMAS and SEBRING, JJ., concur.

ADAMS, J., dissents.