**CORNELIA ANN FOWLER, as Executrix and Trustee under the last will and testament of JOHN A. CUNNINGHAM, Deceased, v. AUGUSTUS G. HARTRIDGE.**

24 So. (2nd) 306                        June Term, 1945
November 27, 1945                      Division A
Rehearing denied June 25, 1946

*Ragland, Kurz & Layton,* for petitioner.

*P. H. Odom, George Couper Gibbs* and *Lucien H. Boggs,* for respondent.

ADAMS, J:

This is an appeal from a decree of the chancellor rejecting the findings and recommendations of the special master in an equity suit. The master, Honorable Cecil C. Bailey, reported as follows:

"HISTORY OF THE CASE:

"This litigation stems from a 99-year lease entered into in 1912 wherein Augustus G. Hartridge was the Lessor and John A. Cunningham was the Lessee. The lease provides among other things that it should be binding upon the heirs, executors, administrators, successors and assigns of the parties thereto.

"The said John A. Cunningham died in Duval County, Florida on August 30, 1928, leaving a last will and testament under the terms of which his estate passed to his wife, Cornelia Ann Cunningham (now Fowler) and to his daughter, Inez John Cunningham. The said wife was named as Executrix of his will.

"The furniture business which was conducted by Mr. Cunningham in the leased premises, continued to occupy said premises. A corporation was organized in October of 1928 and the furniture busines theretofore owned by John A. Cunningham was transferred to the corporation and the corpora-

tion thereafter occupied the premises and conducted a furniture business. Of the 2,000 shares of capital stock of this corporation, 997 shares were isued to Cornelia Ann Cunningham individually, 1,000 were issued to her as Executrix and Trustee and three qualifying shares to nominal parties.

"The defendant, Augustus E. Hartridge, had actual knowledge of the death of John A. Cunningham within a short time after the death of the said John A. Cunningham. The said Augustus E. Hartridge had been accustomed to collecting his rent by drawing a draft upon John A. Cunningham through the Barnett National Bank of Jacksonville. The Bank would present the draft and receive a check for the amount thereof and credit the same to Mr. Hartridge's account. Notwithstanding Mr. Cunningham's death, this practice was continued until the year 1939.

"In May 1939, the rental payments were discontinued and shortly thereafter Mr. Hartridge filed a petition with the County Judge for leave to file a claim against the estate of John A Cunningham. An amended petition was filed by Mr. Hartridge and after a hearing upon the amended petition and motion to strike the same, the County Judge ruled that the claim was barred by the statute of non-claim and granted a motion to strike the amended petition. An appeal was taken to the Circuit Court from this order and the Circuit Court held as the Special Master understands it, that the appellant, Mr. Hartridge, was entitled to have his amended petition and claim filed by the County Judge and considered and determined by the County Judge in Probate.

"After the case was remanded to the County Judge, the County Judge entered an order to the effect that he was without power to determine the facts alleged in Mr. Hartridge's petition or to adjudicate the claim beyond making the determination that the creditor be permitted to litigate his claim in such court as might have jurisdiction of the subject matter thereof. Thereupon the Executrix, Cornelia Ann Cunningham (Fowler) filed her suit in chancery in this Court seeking order of distribution of said estate and restraining and enjoining the defendant from the further prosecution of his claim. It seems to be conceded by the parties that this

is a proper forum for the adjudication of Mr. Hartridge's claim. Upon the filing of a bill of complaint and an answer thereto in this court, the case was referred to the undersigned Special Master with directions to take testimony 'with regard to all issues raised by the pleadings, except those relating to the amount of damages . . . '

"ISSUE PRESENTED:

"As the Special Master understands it, the principal issue to be decided is whether or not under the circumstances of this case, the defendant, Hartridge, should be allowed to enforce his claim against the Estate of John A. Cunningham, notwithstanding the failure to file the claim with the Probate Court and notwithstanding the long delay in asserting such claim.

"The County Judge apparently reached the conclusion that the petition of the creditor did not show sufficient reason or excuse for failure to file the claim within the statutory period and that it was therefore barred by the statute of non-claim. Upon appeal the Circuit Court evidently reached the conclusion that the petition of the creditor if true, and if not overcome by countervailing facts and circumstances, did constitute sufficient excuse for failure to file the claim within the statutory period and reversed and remanded the case to the County Judge's Court.

"THE EVIDENCE:

There is no serious dispute over the facts in this case. There are perhaps some minor conflicts and some of the proof may not be wholly satisfactory but certain matters appear to be well established.

"For example, there seems to be no serious dispute that John A. Cunningham was indebted during his lifetime to his wife, Cornelia Ann Cunningham, and that the amount of the indebtedness was substantial.

"The evidence does not disclose any action or conduct on the part of Cornelia Ann Fowler as Executrix that could be construed as a recognition of the claim of Mr. Hartridge nor as a waiver on her part of the filing of such claim. On the contrary, the conduct of Mr. Hartridge was such that the Executrix might reasonably have inferred that Mr. Hartridge would not assert his claim against the Estate of John A.

Cunningham. There is not only the long delay of some eleven years but in addition Mr. Hartridge dealt with John A. Cunningham, Inc., the corporation which was organized to conduct the furniture business. He accepted rent from this corporation for a period shortly after Mr. Cunningham's death until about 1939. It is true that he did not see the corporation's checks used to pay this rent but this was because he elected to use the medium of the Barnett National Bank as a means of collecting his rent and it seems likely that the knowledge of the Bank would be imputed to the principal, Mr. Hartridge. Mr. Hartridge also negotiated with the officers of John A. Cunningham, Inc., when they were seeking a temporary reduction or abatement in the rent, which abatement he granted and the deferred rent was later in part paid to him in merchandise furnished by the corporation to Mr. Hartridge.

"At a still later date when John A. Cunningham, Inc., was seeking relief under Section 77B of the Bankruptcy Act, Mr. Hartridge filed a claim against the corporation not only for past due items but for prospective damages as well.

"There is another circumstance that might be mentioned, namely, that the lease in question was assigned by the Executrix to John A. Cunningham, Inc., and the assignment recorded in the public records of Duval County, Florida in 1931. The proof does not show whether Mr. Hartridge had actual or merely constructive knowledge of this assignment.

"CONCLUSIONS:

In view of the long delay on the part of Mr. Hartridge, in asserting his claim and in view of the dealings with the assignee of the lease as above enumerated, it seems to me that it may reasonably be said that his claim is not only barred and that he has shown no reasonable excuse for the delay, but in addition thereto, his conduct might be reasonably calculated to have misled Cornelia Ann Cunningham (Fowler) to her injury and damage. If Mr. Hartridge had acted promptly in asserting his claim (and he could have certainly filed a contingent claim), Mrs. Cunningham who likewise had a large claim against the estate, might have protected her own interest either by filing her own claim or by an election to take

dower or a child's part in the estate. Instead, she surrendered her indebtedness for shares of stock in John A. Cunningham, Inc.

"Try as I may, I cannot bring myself to the view that a claim asserted eleven years after the deceased's death, will be permitted to come in and defeat or seriously impair the statutory rights of the widow in the estate of her late husband unless the widow has been guilty of some conduct calculated to deceive or mislead the creditor.

"I thereupon find that the equities in this cause are with the plaintiff and I recommend the entry of a decree in accordance with the prayer of the bill restraining and enjoining the defendant from the further prosecution of his claim.

"The Special Master further recommends that the relief sought by way of counterclaim contained in the answer of the defendant, be denied and that the same be dismissed. . . "

Upon exceptions being filed the lower court overruled the master's recommendations and observed:

"(10) The corporation known as John A. Cunningham, Inc., organized and continuously controlled by the plaintiff, as executrix, to which was transferred the furniture business of the decedent as a going concern with all of the assets of said estate pertaining to said business for no other or further consideration than the entire issue of two thousand shares of its capital stock, was but the instrumentality of the plaintiff as executrix of the estate, and its actions so far as the defendant was concerned were the actions of the executrix, and said defendant was, and is, in no way, or manner, estopped by any dealing, or dealings, at any time, had by him with said corporation; . . . "

We share the expression of the special master in no little degree as to the difficulty of this case and, likewise, we appreciate the magnitude of the question and the far-reaching effect of our decision. A question immediately suggested to our mind is what character of claim, if any, Hartridge had against Cunningham's estate. Having reached the conclusion which we will presently state, we are of the view that it is not necessary for us to determine in this case whether Hartridge did or did not have a claim against the estate. We are of the

opinion that the statute of non-claim, then in existence and applicable to this case, precluded the consideration of Hartridge's claim regardless of its character. See Sections 5599 and 5600, C.G.L., 1927. The law universally favors promptness in closing estates. We have held the phrase, debt or demand to be all comprehensive. See Fillyau v. Laverty; 3 Fla. 72; May v. Vann, 15 Fla. 553; Bush v. Adams, 22 Fla. 177; Bedenbaugh v. Lawrence, et al., 141 Fla. 341, 193 So. 74.

In the case of American Surety Company of New York v. Murphy, et al., 151 Fla. 151, 9 So. (2nd) 355, we were dealing with the 1933 Probate Act, nevertheless the language employed is equally applicable here. There a claim was made on a replevin bond executed for the deceased and paid by the surety after the period allowed for filing claims.

We said:

"A contingent claim is one where the liability depends upon some future event, which may or may not happen, which renders it uncertain whether there ever will be a liability. Nonclaim statutes have been applied to claims arising from a breach of covenant in a deed; to guaranty, suretyship and endorsement contracts; obligations contained in a lease; breach of contract to convey land; . . . "

See 32 Am. Jur., Section 431, page 350. It is our conclusion that no matter what the character of Hartridge's claim was it was barred by the statute of non-claim, supra. See also 21 Am. Jur., Section 356, page 582, and Nathan v. Freeman, 70 Montana 259, 225 Pac. 1015, 41 A.L.R. 138.

It is further claimed that the executrix waived the filing of this claim because she caused the corporation to be formed and used it solely as an instrumentality to more efficiently administer the estate. In other words, the court is asked to cast aside the corporate entity. A court of equity may pierce the corporate veil and deal directly with the parties without regard to their legal entity where the corporation has been used in a manner so as to mislead or to perpetrate a fraud upon a creditor. See Florida Industrial Commission v. Schwob Co., 153 Fla. 356, 14 So. (2nd) 666; Riesen v. Maryland Casualty Company, 153 Fla. 205, 14 So. (2nd) 197. In this case Hartridge had notice of Cunningham's demise and

notice of the corporate existence and its ownership of the leasehold estate. We find no element of fraud or other reason to say that he was misled. Neither do we find any conduct on the part of the executrix which might be regarded as an acknowledgment of the claim. On the contrary we think it worthy of note to observe that the executrix did not procure an order from the court to carry on the business as provided for by Section 5614 C.G.L. This was a circumstance to negative the idea that the executrix, and not the corporation, was operating the business. Defendant's failure to protest until the years after the widow relinquished her debt against the estate is another circumstance against him. It would be difficult, if not impossible, to restore her former status at this late date.

It is urged that the executrix is bound by the decision of the circuit court entered on the appeal from the probate court wherein the circuit court reversed the probate court and ordered the claim to be filed. Obviously, this was not a final judgment disposing of the merits of the case. It would not, therefore, support a plea of res adjudicata. Likewise it presents no element of estoppel by judgment. See Anders v. Anders, 153 Fla. 54, 13 So. (2nd) 603; Harding v. Harding, 140 Calif. 690, 198 U.S. 317, 25 Sup. Ct. 679, 49 L. Ed. 1066; Freeman on Judgments, 5th Edition, Vol. 2, page 1910; Vol. 31, C.J.S., Section 7, page 194, (Estoppel); Murphy v. Murphy, 151 Fla. 370, 10 So. (2nd) 136.

For the reasons stated the petition is granted and the order of the Circuit Court is quashed with directions to enter a decree not inconsistent with this opinion.

Reversed.

CHAPMAN, C.J., TERRELL and BUFORD, JJ., concur.