93 So.2d 351 (1957)
Warren D. HINCHEE et ux., Petitioners,
v.
Charles E. FISHER et ux., Respondents.
Supreme Court of Florida, Special Division A.
March 6, 1957.
Paul B. Johnson and Herbert Wentworth, Tampa, for petitioners.
William T. Fussel and Cody Fowler, Tampa, for respondents.
DREW, Justice.
May 26, 1955, Charles E. Fisher and his wife, Renee R. Fisher, hereinafter called *352 the Fishers, filed their amended complaint against Warren D. Hinchee and Jean P. Hinchee, his wife, hereinafter called the Hinchees. The complaint alleged that the Fishers in 1953 were the owners of a lease containing an option to purchase said real estate located in Hillsborough County, Florida and that at said time they, the said Fishers, were in a precarious financial condition and were having difficulty meeting the payments on the lease. It is alleged that the Hinchees, friends of the Fishers, suggested to the Fishers that they assign the lease to the Hinchees and that they would proceed to work out a refinancing of the entire property and, when such had been accomplished, would reconvey the same to the Fishers. The complaint then alleges the details of the transaction and of the events which took place in connection with the refinancing and further alleges that after the same was arranged and worked out, the Hinchees refused to reconvey the said property to the Fishers. The Fishers in the complaint admitted owing the Hinchees some $4,500 and alleged that "plaintiffs now stand ready, willing and able and do tender and offer to pay" such sum and any other amounts found to be due the Hinchees. Such sum of money, however, was not paid into the registry of the court as had been theretofore ordered by the trial judge in the same order he had entered allowing the amended complaint, the allegations of which we have narrated, to be filed. The case lay dormant in the trial court for about eight months and then on February 1, 1956, pursuant to a motion made by the defendants Hinchee, an order was entered by the trial court "that the motion to dismiss the amended complaint be and the same is hereby granted." The basis of the motion granted was the failure of the Fishers to pay into the registry of the court the sum of money which had been required by the trial judge in the previous order. It is pertinent to note that the trial court ordered the payment of said sum into the registry of the court within ten days and it was some eight months thereafter before the complaint was dismissed for the failure to do so.
Certiorari was taken to this Court from the order last above mentioned but on motion duly made here the certiorari proceedings were dismissed by us on May 30, 1956 for the reason the order sought to be reviewed was a final decree reviewable only by appeal. Fisher v. Hinchee, Fla. 1956, 88 So.2d 640.
July 12, 1956 the Fishers filed another complaint against the Hinchees. A motion to dismiss the complaint was promptly made by the Hinchees on numerous grounds, one of which was that the cause of action alleged was the same as that contained in the former suit, the parties were the same and that, therefore, the plaintiffs were estopped from maintaining said action by the doctrine of res adjudicata. The trial court denied the motion to dismiss and this action is now before us on certiorari.
While the phraseology of the complaint in the latter action differs to some degree from that in the former, we find that the cause of action is the identical one and the litigation is between the same parties. The complaint in the second suit charged defendants with the same conduct, under the same alleged agreement as the first. The prayer for relief in the first suit requested the court to require a conveyance of the real estate to plaintiffs, or to "impress a lien or constructive trust upon said property for the amount of damages this Court may determine shall be due said plaintiffs," and "grant such other relief as it may deem meet and proper." This prayer and the statements in the body of the first complaint are broad enough to include the relief requested in the second complaint which drops the specific request for direct conveyance, but retains an impressed trust concept.
In Gordon v. Gordon, Fla. 1952, 59 So.2d 40, 43, in discussing the question of res adjudicata we said:

*353 "We have held as a general proposition that when a final decree or judgment of a court of competent jurisdiction becomes absolute it puts at rest and entombs in eternal quiescence every justiciable, as well as every actually adjudicated, issue. This pronouncement is considered by us as controlling only when res adjudicata is the proper test. By this we mean it is not controlling except in an instance wherein the second suit is between the same parties and is predicated upon the same cause of action as was the first."
In Hay v. Salisbury, 1926, 92 Fla. 446, 109 So. 617 we held that where the essential elements of the cause of action are the same in both cases, res adjudicata applies to preclude the second suit. The fact that an unjust enrichment type of relief is made more explicit in the second complaint does not alter the conclusion that for purposes of applying res adjudicata the second complaint is equivalent to the first. See Murphy v. Murphy, 1942, 151 Fla. 370, 10 So.2d 136; Caldwell v. Massachusetts Bonding and Ins. Co., 1947, 158 Fla. 677, 29 So.2d 694. Broadly stated, the purpose of the doctrine of res adjudicata is to prevent the relitigation of matters and to enforce the court's power to finally determine legal interests. It is the latter aspect of the doctrine which is operative in this case.
In the original suit the trial judge dismissed the complaint on defendants' motion, because plaintiffs failed to comply with his order requiring them to pay into court the money alleged to have been tendered by them. The dismissal is of the type provided for in Rule 1.35(b), 1954 Rules of Civil Procedure, 30 F.S.A.: "For failure of the plaintiff to comply with any order of court, a defendant may move for dismissal of any action or of any claim against him. * * *" "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision * * * shall operate as an adjudication upon the merits * * *." (Emphasis supplied.)
An "adjudication upon the merits" has the effect of establishing a "final judgment" for purposes of appeal (e.g. Howard v. Ziegler, 40 So.2d 776 [Fla. 1949]), and will supply a foundation for the application of the doctrine of res adjudicata, e.g. Armstrong v. County of Manatee, 1905, 49 Fla. 273, 37 So. 938. Rule 1.35(b) provides that dismissals such as the one involved in this case "shall operate as an adjudication upon the merits." Thus, the dismissal of the first complaint in the present controversy was a "final judgment" reviewable only by appeal, and such was the effect of our order in Fisher v. Hinchee, supra. Since the judgment has not been timely set aside on appeal or vacated, the doctrine of res adjudicata applies to prevent another action upon the same matter. This rule must be considered as a part of the new scheme of pleading introduced by the 1954 Rules of Civil Procedure. "A judgment on the merits does not require a determination of the controversy after a trial or hearing on controverted facts. It is sufficient if the record shows that the parties might have had their controversies determined according to their respective rights if they had presented all their evidence and the court had applied the law." Olsen v. Muskegon Piston Ring Co., 6 Cir., 1941, 117 F.2d 163, 165. Since the rule created the policy determination it is not necessary to enter into an academic discussion of legal philosophy. We point out, however, that the policy for terminating litigation in one proceeding is the major force behind this and similar rules; and that adequate safeguards protect less sure-footed litigants under the provisions allowing liberal amendment, voluntary non-suits, transfers of actions and timely appeals.
The effect of Rule 1.35(b) in connection with the subject under discussion has not been considered before in this jurisdiction. (But Cf. Hassenteufel v. Howard Johnson, *354 Inc., of Florida, Fla. 1951, 52 So.2d 810, decided before the rule became effective). We have found no clear, informative discussion in the Federal courts where substantially the same rule is in use. However, there are two Federal opinions which are closely analogous and which support the foregoing interpretation.
In Fischer v. Dover S.S. Co., Inc., D.C., E.D.N.Y. 1954, 121 F. Supp. 528, 530, affirmed 2 Cir., 1955, 218 F.2d 682, a complaint was dismissed because the plaintiff failed to comply with an order granting a motion for dismissal of the complaint unless the plaintiff appeared by a certain time for a physical examination requested by the defendant under Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C.A. A second suit on substantially the same cause of action was dismissed on the ground that the dismissal in the first action was an adjudication upon the merits. Citing the equivalent Federal rule, rule 41(b), Federal Rules of Civil Procedure, the court held: "The said judgment of dismissal, though entered without a trial had the same effect and barred a subsequent action for the same claim."
In American National Bank & Trust Company of Chicago v. United States, 1944, 79 U.S.App.D.C. 62, 142 F.2d 571, 572, the circuit court ruled that a dismissal for want of prosecution was on the merits so as to prevent a second suit under the doctrine of res adjudicata. The court interpreted Rule 41(b), Federal Rules of Civil Procedure, to provide that where "(1) the dismissal was on the court's motion, (2) by rule 41(b) such a dismissal, unless otherwise specified in the order, operates as an adjudication upon the merits, and (3) the court did not otherwise specify in the order, the dismissal necessarily operated as an adjudication upon the merits" [in such manner as to preclude a second suit on the same matter.]
Respondent relies heavily on the case of Universal Const. Co. v. City of Fort Lauderdale, Fla. 1953, 68 So.2d 366. Not only was this case decided before the adoption of the new rules in 1954 but the underlying facts which prompted us to hold as we did in that case are not present here.
Certiorari is granted and the questioned order is quashed with directions to dismiss the complaint.
TERRELL, C.J., and ROBERTS and THORNAL, JJ., concur.