In re Betty Holmes McKENZIE, Debtor.

Betty Holmes McKENZIE, Plaintiff,

v.

Laurent R. LAVENTURE,
et al., Defendants.

Bankruptcy No. 91–20802–BKC–AJC.
Adv. No. 91–0470–BKC–AJC–A.

United States Bankruptcy Court,
S.D. Florida.

Aug. 23, 1991.

Marshall J. Cooper, Cooper & Frazier, P.A., Fort Lauderdale, Fla., for defendants LaVenture.

Ana Hernandez–Yanks, Miami, Fla., for debtor/plaintiff.

Lynn Gelman, Asst. U.S. Trustee, Office of the U.S. Trustee, Miami, Fla.

## ORDER GRANTING DEFENDANTS' LAURENT AND WILMA LAVENTURE MOTION TO DISMISS

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court upon the Defendants', Laurent R. Laventure and Wilma S. Laventure, Motion to Dismiss the Adversary Complaint. The Court having read and reviewed the Motion, the Memorandum of Law in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction based on Res Judicata and other grounds, having heard arguments of counsel, and being fully advised in the premises, finds as follows:

On or about September 6, 1990, the Defendants filed a Complaint to Foreclose Mortgage against the Debtor in the Circuit Court in and for Broward County, Florida. The complaint sought foreclosure and, if the proceeds of the sale were insufficient to pay the claim, a deficiency judgment. The Debtor answered the foreclosure complaint with a general denial and did not assert any affirmative defenses or counterclaims.

The state court entered Final Summary Judgment of Foreclosure against the Debtor on February 11, 1991.

Subsequently, the Debtor filed a Chapter 13 petition and filed this adversary complaint alleging that the Defendants committed several tortious acts in procuring the mortgage. The Defendants argue that res judicata bars the Debtor's claims.

The general rule in Florida is that a party defendant who fails to raise a counterclaim that arises out of the same transaction or occurrence that is the subject matter of the plaintiff's claim is barred by the doctrine of res judicata from raising that claim in a subsequent action. Fla. R.Civ.P. 1.170(a). The claims raised by the Debtor in her adversary complaint specifically relate to the Mortgage Agreement that formed the basis of the foreclosure suit, so that typically, res judicata would appear to bar the Debtor's claims.

However, the Florida Supreme Court, in *Universal Constr. Co. v. City of Ft. Lauderdale*, 68 So.2d 366 (Fla.1953), held that res judicata should not be applied where to do so would work an injustice on one of the parties. In *Gladstone v. Kling*, 182 So.2d 471 (1st DCA 1966), Florida's First District Court of Appeals applied the *Universal* exception to avoid barring a claim of fraud by res judicata. In *Gladstone*, Kling won a default judgment against Gladstone in an action to foreclose a mortgage. *Id.* at 472. Gladstone filed a claim charging Kling with fraudulently procuring the mortgage and note, alleging facts which, "if proven by competent evidence to be true," would support that claim. *Id.* at 475. Furthermore, Gladstone alleged that he failed to make an appearance in the original foreclosure action because he was ill and, living in a distant city, unable to communicate with his attorney. *Id.* Kling did not properly plead that Gladstone's fraud claim was a compulsory counterclaim barred by res judicata. *Id.* at 473.

The First District Court of Appeals held that Gladstone could raise the claim of fraud. The court held that Gladstone appeared to have a prima facie claim against Kling, the merits of which had not yet been decided, and that to bar Gladstone's claim would result in the type of injustice contemplated by the Florida Supreme Court in *Universal*. *Id.* at 472. The court also held that Gladstone could raise the fraud claim because Kling waived her right to raise res judicata as a defense to the fraud claim. *Id.* at 473.

The instant case is different from *Gladstone* in several respects. First, the Defendants timely and properly pled that res judicata barred the Debtor's claims. Second, the Debtor made an appearance at the initial foreclosure hearing. She was not ill or unable to communicate with her attorney, and thus precluded from raising fraud at the initial hearing. At the hearing on Defendants' motion to dismiss, the Debtor contended that she was precluded from raising the claim of fraud in the initial foreclosure action because she did not discover the fraud until the state court judge entered the Final Judgment. However, this fact is not alleged within the four corners of Plaintiff's adversary complaint, nor does it appear in any of the other pleadings and documents of record. Third, the Debtor does not allege facts in her complaint which, if proven, would support a cause of action for fraud. This is due, in large part, to the adversary complaint omitting paragraphs 25–36.

Given the limited allegations in the Debtor's adversary complaint, applying the doctrine of res judicata would not be unjust in these circumstances.

It is therefore:

ORDERED that the Plaintiff's, BETTY HOLMES MCKENZIE'S, complaint against the Defendants, LAURENT R. LAVENTURE and WILMA S. LAVENTURE, individually, is DISMISSED. Plaintiff shall have 10 days within which to amend her complaint to state a cause of action in accordance with this Court's decision.

DONE and ORDERED.