**In re Betty Holmes McKENZIE, Debtor.**

**Betty Holmes McKENZIE, Plaintiff,**

v.

**Laurent R. LAVENTURE and Wilma S. Laventure, his wife, individually, and Arthur Lux and Brenda Lux, his wife, Michael Lux, individually, Able Title Services, Inc., and Atlantic Coast Mortgage Corporation, Florida corporations, Defendants.**

**Bankruptcy No. 91–20802–BKC–AJC.**

**Adv. No. 91–0470–AJC.**

United States Bankruptcy Court, S.D. Florida.

Oct. 29, 1991.

Marshall J. Cooper, Cooper & Frazier, P.A., Ft. Lauderdale, Fla., for Laurent R. and Wilma S. Laventure.

Ana Hernandez–Yanks, Miami, Fla., for Betty Holmes McKenzie.

Richard Siegmeister, Miami, Fla., for Arthur, Brenda, and Michael Lux, Able Title Svcs., Inc. and Atlantic Coast Mortg. Corp.

Ms. Lynn Gelman, Asst. U.S. Trustee, Miami, Fla.

ORDER GRANTING DEFENDANTS, LAURENT R. AND WILMA S. LAVENTURE, MOTION TO DISMISS AMENDED ADVERSARY COMPLAINT

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came before the Court upon the Defendants, LAURENT R. LAVENTURE and WILMA S. LAVENTURE, motion to Dismiss the Amended Adversary Complaint. The Court having read and reviewed the Motion and Memorandum of Law in Support of Defendants' Motion to Dismiss for Lack of Jurisdiction based on

Res Judicata, and other grounds, having heard argument of counsel and being fully advised in the premises, finds as follows:

That on the 23rd day of August, 1991, this Court entered an Order Granting Defendants', LAURENT R. and WILMA S. LAVENTURE, Motion to Dismiss the Original Adversary Complaint. 131 B.R. 239. That Order, its reasoning and ruling, are incorporated herein. That Order provided, however, that the Debtor/Plaintiff shall have an opportunity to amend her Complaint to state a cause of action in accordance with the Court's opinion and Order of August 23, 1991.

■ Thereafter, the Debtor/Plaintiff filed an Amended Complaint and the Defendants, LAURENT R. LAVENTURE and WILMA S. LAVENTURE, filed their Motion to Dismiss said Amended Complaint for Lack of Jurisdiction based upon Res Judicata and other grounds. The Debtor/Plaintiff contended that she was precluded from raising a claim of fraud in the initial foreclosure action because she did not discover the alleged fraud until the State court Judge entered the Final Judgment. However, in her Amended Complaint, the Plaintiff admits that she was represented by the same counsel that represented her in the State Court foreclosure proceedings and that the Plaintiff was well aware of any alleged fraud prior to the entry of a judgment in the foreclosure suit. Plaintiff pleads that her counsel was unaware of the alleged fraud apparently due to Plaintiff electing not to inform her counsel of all of the pertinent facts or counsel failed to perform the proper investigation or for some other tactical reason, the Plaintiff did not inform her counsel, or counsel did not investigate. To preclude Plaintiff from litigating that which was a compulsory counterclaim to the prior foreclosure suit is not unjust wherein the fault lies with the Plaintiff not informing her counsel of the facts or counsel failing to properly investigate the facts.

In the case of *Hinchee v. Fisher*, 93 So.2d 351 (Fla.1957), in refusing to apply the *"Universal"* exception, the Supreme Court of Florida held:

"A judgment on the merits does not require a determination of the controversy after a trial or hearing on controverted facts; it is sufficient if the record shows that the parties might have had their controversies determined according to their respective rights if they had presented all their evidence and the court had applied the law. *Olsen v. Muskegon Pitson Ring Co.*, 6 Cir., 1941, 117 F.2d 163, 165 ...

.     .     .     .     .

"Respondent relies heavily on the case of *Universal Const. Co. v. City of Fort Lauderdale*, Fla.1953, 68 So.2d 366. Not only was this case decided before the adoption of the new rules in 1954 but the underlying facts which prompted us to hold as we did in that case are not present here."

*Hinchee v. Fisher*, supra, 93 So.2d at 353–354.

■ As well, as in the *Gladstone v. Kling*, 182 So.2d 471 (1st DCA 1966), all of the conditions of the *Gladstone* case are completely different of the circumstances and facts of the instant Adversary Complaint. Indeed, the Amended Adversary Complaint does not deny that the Plaintiff was well aware of all of the facts which would have constituted the alleged fraud prior to the entry of the Summary Judgment, but rather she did not tell her counsel of all of the facts and her counsel did not discover the alleged fraud until after the Judgment. These allegations do not meet the *Universal/Gladstone* exception in the Doctrine of Res Judicata. The case is not when counsel became aware of the alleged fraud but when the Debtor/Plaintiff was aware of the alleged fraud. A client has a duty to inform counsel of all relevant facts, *Borup v. National Airlines, Inc.*, 159 F.Supp. 808 (D.C.N.Y.), and an attorney has the duty to properly investigate the facts, *Bill Branch Chevrolet v. Philip L. Burnett*, 555 So.2d 455 (2d DCA 1990).

Not only is the *Universal/Gladstone* exception inappropriate, but the Defendants, LAURENT R. and WILMA S. LAVENTURE, would suffer an injustice in not

honoring the well founded principles of Res Judicata.

Further, none of the restated allegations of the Debtor/Plaintiff's Amended Adversary Complaint show a prima facia case of fraud against the Defendants, LAURENT R. and WILMA S. LAVENTURE and, therefore, applying the Doctrine of Res Judicata would not be unjust in these circumstances.

It is therefore:

ORDERED that the Plaintiff's, "BETTY HOLMES McKENZIE" Amended Adversary Complaint against the Defendants, LAURENT R. and WILMA S. LAVENTURE, is dismissed with prejudice.

DONE AND ORDERED.