SOUTH SIDE CHEVROLET COMPANY OF ST. LOUIS, A CORPORATION, J. RUSH JAMES, PRESIDENT, PLAINTIFF-APPELLANT, V. INDUSTRIAL COMMISSION OF THE STATE OF MISSOURI, ET AL., DEFENDANT-RESPONDENT.—226 S. W. 2d 733.

Kansas City Court of Appeals.   Opinion delivered February 6, 1950.

*Hay & Flanagan* and *Neal D. Flanagan* for appellant.

1216

*John L. Porter* and *George Schwartz* for respondents.

CAVE, J.—This is an. appeal from a judgment of the circuit court of Cole County affirming the findings. and order of the Industrial Commission that plaintiff was liable for contributions under the Unemployment Compensation Law for the calendar year 1947 at a contribution rate of 2.7 per cent.

The facts giving rise to the controversy are to the effect that prior to September 1, 1946, J. Rush James and Alma H. James, his wife, were partners in the ownership and operation of the South Side Chevrolet Company located at 3645 South Grand Boulevard in St. Louis; they also owned and operated a second business establishment known as the Wholesale Auto Parts, which was located at 3729 Gravois Avenue, St. Louis. This partnership was an "employer" (Laws 1943, p. 922, Sec. 9423, (h) (1)), and had paid contributions on wages of the employees of both business establishments, and because of its excellent employment record had established a contribution rate of zero. On September 1, 1946, J. Rush James, Alma H. James, James R. James, Jr. and William F. James formed a four-way partnership which acquired all of the organization, trade, business and assets of the South Side Chevrolet Company; but the two-way partnership, consisting of J. Rush James and Alma H. James, continued to own and operate the Wholesale Auto Parts business until December 1, 1946, when it was sold to the National Auto Supply Company.

For brevity, we shall hereafter refer to the respective partnerships as the two-way partnership and the four-way partnership.

On January 11, 1947, the four-way partnership was converted into a Missouri corporation under the corporate name "South Side Chevrolet Company of St. Louis" (plaintiff in this case), which corporation acquired the organization, business and assets of the four-way partnership. Thereafter the corporation requested the Commission to grant it the same contribution rate (zero) that had been enjoyed by the original two-way partnership. The Commission denied this request and notified the corporation that it would be liable, as of January 1, 1947, for a contribution rate of 2.7 per cent. The corporation asked for a hearing, which was held before a Special Representative, who made findings of fact substantially as above outlined, and held that the corporation became a new employer for the year 1947 and was subject to the Unemployment Compensation Act, Art. 2, Chap. 52, R. S. 1939.

The Commission adopted the findings of fact and held that the corporation was not entitled to a reduced contribution rate because its predecessor, the four-way partnership, was not a successor in interest to its predecessor, the two-way partnership, for the reason that the two-way partnership had owned and operated two separate

business units or establishments, only one of which had been acquired by the four-way partnership. In due time the corporation filed its petition in the circuit court for a review of the decision of the Commission, and after a hearing the court affirmed the findings and order of the Commission and plaintiff appealed.

None of the partners testified and we know nothing of the terms and provisions of either partnership contract, except the percentage interest of each partner, and that fact alone does not give any partner control and management of a partnership.

The evidence abundantly supports the findings of fact of the Commission. The controversy arises over the application of the law to the facts.

At the beginning of the hearing before the Special Representative plaintiff stated its position to be: "* * * That the sale of the Wholesale Parts, which was a minor part of this business, did not change the employing unit, which was the two-way partnership." From this premise plaintiff argues that since it is a successor to the four-way partnership and the four-way partnership was a successor to the two-way partnership, it is entitled to stand in the position of and receive all benefits or rating enjoyed by the two-way partnership, the original employing unit. The Commission contends that the corporation is not a successor to the two-way partnership because the four-way partnership did not acquire the organization, trade or business or all of the assets of the two-way partnership; that when the four-way partnership acquired the organization, business and assets of the South Side Chevrolet Company it became a new employing unit separate and distinct from the still existing employing unit of the two-way partnership.

In deciding this sharply drawn issue, we must look to certain provisions of Sec. 9427 (g), Laws 1945, p. 1749, defining the steps which must be taken for a successor employer to succeed to the rights of the original employing unit. The material part of that section reads:

"(g) Any individual, firm, corporation or employing unit which acquires the organization, trade, or business, or all of the assets thereof, of an employer, excepting, in any such case, any assets retained by such employer incident to the liquidation of his obligations, and in respect to which the commission finds that (i) immediately after such change the business and employment organization of the predecessor employing unit or units are continued without interruption solely by the successor employing unit, and (ii) (not material here) * * * shall stand in the position of such predecessor employing unit in all respects, including the predecessor's separate account, * * * and contribution rate whether more or less than two and seven-tenths per centum."

It will be observed that this section requires at least two conditions to exist before a successor employer shall stand in the position of its predecessor employing unit. The first condition is that it must acquire the organization, trade, business or all of the assets of its predecessor (except assets retained incident to liquidation); and, second, the Commission must find that immediately after such change the business and employment organization of the predecessor employing unit or units are continued without interruption solely by the successor employing unit. The evidence supports the finding of the Commission that the four-way partnership did not acquire the organization, trade or all of the assets of the two-way partnership. Thus the first requirement of the statute was not met, and this fact clearly distinguishes the instant case from the holding in Bucklin Coal Mining Co. v. Unemployment Comp. Com., 201 S. W. (2d) 463. However, plaintiff contends that since J. Rush James and Alma James were partners in the four-way partnership, which acquired the South Side Chevrolet Company and also continued as a two-way partnership to operate the Wholesale Auto Parts business, they thereby remained employers of two units after September 1, 1946. In support of this contention plaintiff cites Arado et al. v. Keitel et al., 353 Mo. 223, 182 S. W. (2d) 176; Dallas Liquor Warehouse No. 4 et al. (Tex.), 213 S. W. (2d) 147, and Texas Unemployment Comp. Com. v. General Engineering Co. et al., 213 S. W. (2d) 151. The Arado case can be distinguished on two grounds: First, the successor partnership acquired *all* the business and assets of the predecessor partnership; and, second, the opinion held that the successor partnership was entitled to stand in the position of the predecessor partnership because, under the facts in the case, and under the statute as it then was, the successor partnership was controlled, by legally enforceable means, by the same interests as owned and controlled the predecessor employing unit prior to such acquisition. However, that provision of the statute was eliminated by the amendment, Laws 1945, p. 1749, and is not now to be considered in construing this section. The two Texas cases cited were opinions by the Court of Appeals, both of which were overruled by the Supreme Court in opinions found in 217 S. W. (2d) 654 and 659. In the Texas cases the facts were that one Cole owned and operated three liquor stores in Dallas, known as Dallas Liquor Store No. 1, No. 3 and No. 4, respectively; two liquor stores at Perry, known as Waco Centennial Liquor Store No. 1 and No. 2, and a jewelry store, known as Towne Jewelers. He formed four corporations, three to own and operate the three liquor stores at Dallas, and one to own and operate the two liquor stores at Perry, and as an individual he continued to own and operate the jewelry store. He controlled each corporation as its president and majority stockholder, and claimed that the four corporations and himself, as the individual owner and operator of

the jewelry store, were successors to the predecessor employing unit, which was himself. The court denied this contention because, to hold otherwise, would be disregarding the separate corporate entities. Other cases to the same effect are El Queeno Distributing Co. v. Christgau, 221 Minn. 197, 21 N. W. (2d) 601; Cartersville-Candlewick v. Huiet, 204 Ga. 609, 50 S. W. (2d) 647; Eiber Realty Co. v. Dunifon (Ohio), 82 N. E. (2d) 565; Employment Security Com. of North Carolina v. News Publishing Co. et al., 228 N. C. 332, 45 S. E. (2d) 391; Ned's Auto Supply v. Unemployment Comp. Com., 313 Mich., 66, 20 N. W. (2d) 813.

It is true the statutes of other states are not identical with ours but the general purpose and requirements are quite similar, and we consider the above decisions logical and persuasive. In each of those cases the evidence disclosed that a predecessor business was split up and transferred to two or more successors, and it was held that the successor became liable for the tax and was not entitled to the rating of the predecessor. We conclude our statute, Sec. 9427(g), should be so construed under the facts in this case.

Plaintiff makes some mention in its brief to the effect that when the Wholesale Auto Parts business was sold that the accounts receivable were retained and included in the assets of the South Side Chevrolet Company business. The record does not support this assertion. Plaintiff's auditor testified that "the accounts receivable were retained by Rush and Alma James, not by the four-way partners." There is also an intimation that the assets of the Wholesale Auto Parts business were carried on the books of the South Side Chevrolet Company business, but this fact is not developed or made clear by the evidence and it would be mere speculation to discuss what effect that would have if true.

We think the findings and the decision of the Commission are fully supported by the record, and that the judgment of the trial court affirming such findings and decision is correct.

It follows that the judgment should be and is affirmed. All concur.