STATE of Oklahoma, ex rel. OKLAHOMA
EMPLOYMENT SECURITY COMMIS-
SION, Plaintiff In Error,

v.

SPEED'S, Inc., a corporation, Defendant In
Error.

No. 37212.

Supreme Court of Oklahoma.
Oct. 2, 1956.

Milton R. Elliott, Burton Duncan, Okla-
homa City, for plaintiff in error.

John F. Eberle, Richard J. Spooner,
Oklahoma City, for defendant in error.

HALLEY, Justice.

Parties will be referred to as they ap-
peared in the District Court or by name.

Louie J. Speed, his wife, Louise Speed
and Jessie Whitson, Louise Speed's mother,
were the incorporators in 1949 and were at
time of the trial in the District Court, the
owners of the stock in the corporation
named Louie J. Speed, Incorporated. This
corporation acquired two stores in 1949,
and has since operated them. In 1952,
these same persons organized a second cor-

poration known as Speed's Incorporated, which was the plaintiff, and it operates one store and has done so since 1952. The ownership of the stock in the two corporations is in the three incorporators of the first corporation. The first corporation had eight employees or more but the second corporation never had as many as eight employees.

The sole question in this case is whether the second corporation is liable to be assessed under the Oklahoma Employment Security Act which is found in 40 O.S.1951 §§ 211 to 233, inclusive. Since the plaintiff did not employ eight persons it did not come under the Act but for the fact that the stock in Louie J. Speed, Incorporated, and plaintiff were owned by identical persons who controlled both corporations. Under Paragraph (4), Subsection (e) of Section 229, 40 O.S.1951, which is sometimes referred to as the "grouping or complying clause," this plaintiff is subject to make contributions. We set out this Paragraph:

> "Any employing unit which together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly by the same interest, or which owns or controls one or more other employing units (by legally enforceable means or otherwise), and which, if treated as a single unit with such other employing unit, would be an employer under Paragraph (1) of this Subsection; or".

Plaintiff is an employing unit and an employer when treated as a single unit with Louie J. Speed, Incorporated. Gibson Products Co., Inc., v. Murphy, 186 Okl. 714, 100 P.2d 453.

It is defendant's contention that since the plaintiff is an employer that it is to contribute as a new employer. The trial court took a different view and held that although the new corporation came under the Employment Security Act it would contribute at the same rate as the corporation with which it was associated in order to bring it under the Act. With this holding we find no fault for the reason that under the above quoted paragraph the two corporations had to be treated as a single unit. It is simply as if the oldest corporation had opened a new store.

The trial court did not pass on the question of whether the experience as to length of service of the employees of the second corporation should be considered when the contributions to be paid by both corporations were determined. The manner of arriving at the amount of the contributions is provided for in section 217 of the Act. We think it should also be considered just the same as if a new store had been started by the older corporation. If the new corporation is grouped with the old, it should be entitled to benefits as well as burdens.

The defendant relies on the Connecticut case of New Haven Market Exchange, Inc., v. Administrator, Unemployment Compensation Act, 139 Conn. 709, 97 A.2d 262. We do not think that case is in point here for there the employer had not complied with certain statutory requirements which were necessary before he would be entitled to the merit rating. Such requirements have not been shown to exist under our law.

The judgment of the District Court is affirmed in so far as holding that the second corporation is subject to contribute under the provisions of the Employment Security Act and in holding that the rate of contribution for 1952 will be that of the older corporation and since the judgment is not considered clear for the years 1953 and 1954, we hold that the employment experience of the two corporations shall be considered together to ascertain the rate to be paid after 1952.

WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

WELCH, J., concurs in result.