**E. B. JONES MOTOR COMPANY, a corporation, Appellant,**

v.

**INDUSTRIAL COMMISSION OF MISSOURI, DIVISION OF EMPLOYMENT SECURITY, Respondents.**

No. 22659.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1957.

Lowenhaupt, Mattingly, Chasnoff, Freeman & Holland, Richard D. FitzGibbon, Jr., St. Louis, for appellant.

George Schwartz, Division of Employment Security, Jefferson City, for respondents.

BROADDUS, Presiding Judge.

This case arises out of the Missouri Employment Security Law. (Section 288.010, etc., V.A.M.S.)

On February 12, 1955, separate petitions were filed in the Circuit Court of Cole County for judicial review of three administrative decisions of the Division of Employment Security of the Industrial Commission of Missouri. Two of these decisions of the Industrial Commission were adverse to the E. B. Jones Used Car Arena, Inc., and the other to the E. B. Jones Bargain Center, Inc. On June 22, 1954, these two corporations were merged into another corporation, the E. B. Jones Motor Com-

pany. On June 20, 1955, a hearing was held in the Circuit Court and on September 22, 1955, that court entered its order affirming the decision of the Commission in each of the cases. Thereupon the E. B. Jones Motor Company appealed to the Supreme Court. In the latter court, the three appeals, pursuant to stipulation, were consolidated for the purposes of hearing. Thereafter, on February 11, 1957, the Supreme Court held it was without jurisdiction of the cause and transferred the same to this court. See E. B. Jones Motor Co. v. Industrial Commission, 298 S.W.2d 407.

Two of the cases here involved originated in separate administrative determinations by the Division of Employment Security that E. B. Jones Bargain Center, Inc., and E. B. Jones Used Car Arena, Inc., became liable as employers subject to the Missouri Employment Security Law, the former on October 1, 1950, and the latter on January 1, 1948. It also determined that the contribution rate applicable to each of the companies was 2.7%, the maximum permitted by law. The third case originated as a claim for unemployment compensation by a former employee of the E. B. Jones Used Car Arena, Inc., one Raymond Fernandes. No issue was made as to Fernandes's claim, it being stipulated that his claim would be governed by the outcome of the other issues of the hearing.

It stands admitted that during all the times in question the E. B. Jones Motor Company was an employer under the terms of the Missouri Employment Security Law. Its contribution rate for the calendar year 1950 was 1.4%, for the year 1951 it was 2%, for the year 1952 it was .4%, and for the year 1953 it was .2%.

The transcript also contains the following: Mr. Mosley, (Appeals Referee) "Is it conceded for the purpose of determining liability under the Law, that either E. B. Jones, an individual, or the E. B. Jones Motor Company own controlling stock in each of these corporations, namely, E. B. Jones Used Car Arena, Inc.. and E. B.

Jones Bargain Center, Inc.? Mr. Fitzgibbon (attorney for appellant) For the Used Car Arena, Inc., from '50 on, and for the Bargain Center from its inception to the date of merger, yes."

The two corporations, the E. B. Jones Bargain Center and the E. B. Jones Used Car Arena, contend that they would be entitled to use the same contribution rate as the E. B. Jones Motor Company since they were liable under what is known as the "affiliate clause" of the Statute, Section 288.030, subd. 14(4), V.A.M.S.1949. That clause reads as follows:

> "(4) Any employing unit which, together with one or more other employing units, is owned or controlled, directly or indirectly, by legally enforceable means by the same *person*, or which owns or controls one or more other employing units by legally enforceable means *and which, if treated as a single unit with such other employing unit or person, or both,* would be an employer under subdivision (1) of this subsection (and for the purposes of this definition ownership by the same person of the majority of the voting shares of stock of an employing unit shall, among other things, constitute prima facie evidence of control by legally enforceable means)." (Emphasis supplied.)

Appellant's brief puts the question this way: "It is the contention of the Appellant that, liability having been determined or admitted, as the case may be under the above quoted section, they are then one common employing unit for the purposes of the Employment Security Law, and since the one employing unit in this particular factual situation had established an experience rating, the additional contributions required by the inclusion of the other two corporations must be made at the rate established by the original employer."

The question presented is one of first impression in this State. An extensive search on our part discloses but one de-

cision in the country which bears upon the question. That is the case of State ex rel. Oklahoma Employment Security Commission v. Speed's Inc., 302 P.2d 115, decided by the Oklahoma Supreme Court on October 2, 1956. The books are full of cases which have been decided under the "successor" theory. But those cases are not helpful here. Some of those cases are Ned's Auto Supply Co. v. Michigan Unemployment Compensation Commission, 313 Mich. 66, 20 N.W.2d 813; El Quenns Distributing Co. v. Christgau, 22 Minn. 197, 21 N.W.2d 601; State v. Dallas Liquor Warehouse #4, 147 Tex. 495, 217 S.W.2d 654; Appeal of MacKenzie Auto Equipment Co., 71 Idaho 1362, 232 P.2d 130; Royal Jewelers Co. v. Hake, 185 Tenn. 254, 205 S.W.2d 963 and South Side Chevrolet Co. v. Industrial Commission, 240 Mo.App. 1215, 226 S.W.2d 733.

In the Speed's case, supra [302 P.2d 116], the facts were that Louie J. Speed, his wife, Louise Speed and Jessie Whitson, Louise Speed's mother, were the incorporators in 1949 and were at the time of the trial in the District Court, the owners of the stock in the corporation named Louie J. Speed, Incorporated. This corporation acquired two stores in 1949, and has since operated them. In 1952, these same persons organized a second corporation known as Speed's Incorporated, which was the plaintiff, and it operates one store and has done so since 1952. The first corporation has eight employees or more, but the second corporation never had as many as eight employees. We quote from the court's opinion as follows:

"The sole question in this case is whether the second corporation is liable to be assessed under the Oklahoma Employment Security Act which is found in 40 O.S.1951 §§ 211 to 233, inclusive. Since the plaintiff did not employ eight persons it did not come under the Act but for the fact that the stock in Louie J. Speed, Incorporated, and plaintiff were owned by identical persons who controlled both corporations.

Under Paragraph (4), Subsection (e) of Section 229, 40 O.S.1951, which is sometimes referred to as the 'grouping or complying clause,' this plaintiff is subject to make contributions. We set out this paragraph:

" 'Any employing unit which together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly by the same interest, or which owns or controls one or more other employing units (by legally enforceable means or otherwise), and which, if treated as a single unit with such other employing unit, would be an employer under Paragraph (1) of this Subsection; or'.

Plaintiff is an employing unit and an employer when treated as a single unit with Louie J. Speed, Incorporated. Gibson Products Co. Inc. v. Murphy, 186 Okl. 714, 100 P.2d 453.

"(2) It is defendant's contention that since the plaintiff is an employer that it is to contribute as a new employer. The trial court took a different view and held that although the new corporation came under the Employment Security Act it would contribute at the same rate as the corporation with which it was associated in order to bring it under the Act. With this holding we find no fault for the reason that under the above quoted paragraph the two corporations had to be treated as a single unit. * * *.

" * * * If the new corporation is grouped with the old, it should be entitled to benefits as well as burdens."

It is to be noted that the Oklahoma "grouping clause" is almost identical with our "affiliate clause." The court's holding in the above case is based upon sound reasoning and should be followed.

In 48 Am.Jur. page 531 it is said: "The acts regard corporate organization objectively and realistically, and deal with sub-

stance rather than form; if there is a substantial unification of two or more enterprises, controlled by the same individuals, the enterprises are to be taxed under the acts as a single employing unit." And, if the affiliated enterprises are to be taxed as a single, employing unit, it follows that it would not be fair or logical to tax one portion of the unit at one rate and the remaining portions at another and higher rate.

The order of the Circuit Court affirming the decisions of the Industrial Commission is reversed, and the cause remanded with directions to the Industrial Commission to assess the contributions due from the E. B. Jones Used Car Arena and the E. B. Jones Bargain Center at the same rate as that of the E. B. Jones Motor Company. All concur.