STATE ex rel. E. B. JONES MOTOR COMPANY, Relator,

v.

June R. ROSE, R. W. Atkeson, Charles E. Cates, Consisting of the Industrial Commission of Missouri, Respondents.

No. 22911.

Kansas City Court of Appeals.

Missouri.

May 4, 1959.

Richard D. Fitzgibbon, Jr., St. Louis, for relator.

Lloyd G. Poole, Jefferson City, for respondent.

PER CURIAM.

This is an original proceeding in mandamus against the Industrial Commission of Missouri. The controversy arises solely from an opinion of this court entitled E. B. Jones Motor Company v. Industrial Commission of Mo., Division of Employment Security, 305 S.W.2d 889, 892.

As appears in that opinion, the E. B. Jones Used Car Arena, Inc., and the E. B. Jones Bargain Center, Inc., were merged into Relator E. B. Jones Motor Company on June 22, 1954. The E. B. Jones Motor Company had established a certain contribution rate under the Missouri Employment Security Law. The two corporations, the E. B. Jones Bargain Center and the E. B. Jones Used Car Arena, contended that they were entitled to use the same contribution rate as the E. B. Jones Motor Company since they were liable under what is known as the "affiliate clause" of the Statute, Section 288.030, subd. 14(4) V.A. M.S.1949.

The concluding paragraph of our opinion reads as follows:

"The order of the Circuit Court affirming the decisions of the Industrial Commission is reversed, and the cause remanded with directions to the Industrial Commission to assess the contributions due from the E. B. Jones Used Car Arena and the E. B. Jones Bargain Center at the same rate as that of the E. B. Jones Motor Company. All concur."

After our mandate went down the Division of Employment Security recalculated the contributions due from the Relator as parent corporation. This recalculation resulted in a rate for Relator, E. B. Jones Motor Company, which was higher than the rate previously established and the rate at which contributions had been previously paid.

Respondents' position here is that this court in the concluding paragraph of its former opinion, which we have above set out, "did not say that the contributions should be assessed at the rate previously established for the E. B. Jones Motor Company."

Let us see what the sole issue before us in the case of E. B. Jones Motor Company v. Industrial Commission, Mo.App., 305 S.W.2d 889, was. The brief of the appellant there (E. B. Jones Motor Co.) put the question this way:

"It is the contention of the appellant that, liability having been determined or admitted, as the case may be under the above section, they are then one common employing unit for the purposes of the Employment Security Law, and since the one employing unit in this particular factual situation had *established* an experience rating, the additional contributions required by the inclusion of the other two corporations must be made at the rate *established* by the original employer."

And the brief of the Industrial Commission thus stated it:

"Appellant, (E. B. Jones Motor Co.) into which Bargain Center has since been legally merged, contends that Bargain Center should not further have been held to be liable for contributions on its payroll at the rate of 2.7%. It argues that, notwithstand-

ing the provisions of Subsection 2 of Section 288.090 RSMo Supp., infra, Bargain Center, upon becoming subject to the Law, should have been awarded *the same lowered contribution rate as that enjoyed by E. B. Jones Motor Company,* since the latter's employees were counted together with those of Bargain Center for the purpose of determining whether Bargain Center was an 'employer' as defined in Subdivision (4) of Subsection 14."

Thus it is clear that the sole issue before us was whether the contributions due from the Bargain Center and the Used Car Arena should be assessed at the "established" rate of the E. B. Jones Motor Company, or, as the Commission's brief said, at the "same rate as that enjoyed by the E. B. Jones Motor Company." We determined that issue in favor of the present Relator.

It follows that our peremptory writ of mandamus should issue. It is therefore ordered that respondents take such action as may be necessary to assess the contributions due from the E. B. Jones Used Car Arena and the E. B. Jones Bargain Center at the rate previously established for the E. B. Jones Motor Car Company.