IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 14, 2005 Session

**EDWARD RABBIT, ET AL. v. DANIEL L. MILLS**

**Appeal from the Circuit Court for Davidson County**
**No. 92C-2734      Thomas Brothers, Judge**

---

**No. M2004-01103-COA-R3-CV - Filed August 22, 2005**

---

This appeal involves a decision by the Davidson County Circuit Court to grant a petition for a writ of scire facias after expiration of the ten-year statute of limitations. In granting the petition, the trial court first found that the debtor was equitably estopped from asserting the defense of the statute of limitations because of his bad faith and willful misconduct. Next, the trial court found that the judgment creditors timely filed their petition for a writ of scire facias because the ten-year statute of limitations had been tolled by debtor's filing of a Chapter 13 bankruptcy case and also by the entry of the Order for Payment by Installments. The debtor appealed to this Court. The judgment of the trial court is reversed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J. and DONALD P. HARRIS, SR. J., joined.

Richard H. Sforzini, Jr., Nashville, Tennessee, for the appellant, Daniel L. Mills.

Philip D. Irwin, Nashville, Tennessee, for the appellees, Edward Rabbit and Janine Rabbitt.

**OPINION**

On September 7, 1990, the Federal Bankruptcy Court for the Middle District of Tennessee dismissed Daniel L. Mills' ("Mills") petition to discharge a $140,000 debt owed to Edward and Janine Rabbitt ("the Rabbitts"), finding that the debt was procured through fraud. The Rabbitts registered the judgment in Davidson County Circuit Court on May 12, 1993. On September 23, 1993, the court granted Mills' motion to pay the judgment by installments, ordering monthly payments of $1,547.54. In addition, the court specifically stayed "the issuance, execution or return of any writ of garnishment or execution against wages or salary due [Mills] or any other funds belonging to [Mills]."

On December 9, 1994, Mills filed a second bankruptcy petition under Chapter 13 of the United States Bankruptcy Code. The Rabbitts responded by filing a Motion to Dismiss Mills' Chapter 13 Bankruptcy Petition. On March 7, 1995, the bankruptcy court granted the Rabbitts' Motion to Dismiss upon finding that Mills had filed the petition in bad faith. The United States District Court affirmed the decision of the bankruptcy court dismissing Mills' Chapter 13 petition on August 22, 1996. On May 1, 1998, the Sixth Circuit Court of Appeals also affirmed the order of the district court.

On January 7, 2004, the Rabbitts sought to collect the registered judgment against Mills by issuing a subpoena for his deposition. Mills filed a Motion to Quash the Subpoena and for a Protective Order, asserting that the ten-year statute of limitations had expired and thus, the Rabbitts were barred from any further enforcement of the judgment. On January 30, 2004, the Rabbitts filed a Petition for a Writ of Scire Facias, in order to revive their judgment. The circuit court granted the petition on April 2, 2004. Petitioner filed a timely notice of appeal.

In granting the Petition for Writ of Scire Facias, the trial court first held that Mills was barred from asserting the defense of the statute of limitations by the doctrine of equitable estoppel. The trial court reasoned that Mills' bad faith as well as his willful and fraudulent conduct in attempting to avoid the payment of a valid and enforceable debt estopped him from taking haven under the statute of limitations. Specifically, the trial court stated,

> This judgment resulted from a finding that the defendant embezzled over $100,000 from the Plaintiffs. The Defendant attempted to have this debt discharged through filing a petition for bankruptcy under Chapter 7, but was unsuccessful because the debt was incurred through fraud. Defendant then filed another petition for bankruptcy under Chapter 13 and continued appealing the judgments until it reached the United States Sixth Circuit Court of Appeals. The defendant was in essence attempting to discharge a debt in Bankruptcy that the Bankruptcy Court had ordered him to satisfy. The Bankruptcy Court, District Court, and U.S. Sixth Circuit Court of Appeals all dismissed the Defendant's Chapter 13 petition because it was filed in bad faith...This kind of evasive misconduct is precisely the kind of situation which warrants the application of the doctrine of equitable estoppel.

Mills' overt misconduct in the repayment of the debt owed to the Rabbitts is irrefutable; unfortunately, the law weighs in favor of this wrongdoer. The doctrine of equitable estoppel precludes a party from raising a statute of limitations defense when the party's own conduct causes the delay in bringing the action. *Sparks v. Metropolitan Government of Nashville and Davidson Co.*, 771 S.W.2d 430, 432 (Tenn.Ct.App.1989). In order to apply this equitable remedy, a party must have relied on an action or assertion of the other party which caused the party to file outside the statute of limitations, thereby, making the application of the statute of limitations unjust. *Sparks*, 771 S.W.2d at 432.

In *Sparks*, the plaintiff sued the Metropolitan Government of Nashville and the Metropolitan Development and Housing Agency relating to work performed at her house pursuant to the

Emergency Rehabilitation Program. The defendants argued that the statute of limitations had expired, which the trial court agreed and dismissed the case. On appeal, the plaintiff raised the argument that the defendants should be equitably estopped from asserting the statute of limitations defense. *Sparks*, 771 S.W.2d at 432. The court refused to apply the doctrine because the plaintiff failed to show that she relied on any promise made by the defendants that they were going to satisfy her demands, resulting in the plaintiff's failure to file her claim within the statute of limitations. *Sparks*, 771 S.W.2d at 433.

As in *Sparks*, the Rabbitts also failed to show reliance on any promise or action taken by Mills that mislead them into believing that they need not revive their judgment within the ten-year statute of limitations. Mills' continued attempts to avoid payment of the judgment cannot be construed as promises to the Rabbitts that their judgment would be paid. On the contrary, these acts served as notice to the Rabbitts that Mills would actively pursue every avenue in order to avert his responsibilities.

The court's finding that Mills' misconduct was sufficient to invoke the doctrine of equitable estoppel is a question of fact, and thus, the Court reviews the finding *de novo* with a presumption of correctness below. The trial court's finding may not be reversed unless the finding is contrary to the preponderance of the evidence. Tenn.R.App.P. 13(d). This Court finds that the application of the equitable estoppel is contrary to the preponderance of the evidence because the Rabbitts failed to rely on any promise or action taken by Mills. Reliance is a prerequisite to the application of the doctrine of equitable estoppel.

The court also found that the Rabbitts' petition to revive the judgment was timely regardless of the use of equitable estoppel. In reaching its decision, the court determined that the ten-year statute of limitations commenced to run upon domestication of the Rabbitts' judgment, making the judgment unenforceable after May 12, 2003, unless timely revived. However, the court found that Mills had twice caused the injunction of any activity in the case, once by the filing of a Chapter 13 bankruptcy case, and again, by a Motion to Pay Judgment by Installments. The court found that these periods of injunction should be added to the statutory period, thereby, lengthening the time in which to revive the judgment until May 9, 2004. By extending the proper time in which to revive the judgment until May 9, 2004, the court found that the Rabbitts timely filed their petition for writ of scire facias on January 30, 2004.

The trial court relied on Tennessee Code Annotated section 28-1-109, in extending the statutory period, which provides:

> **28-1-109. Suspension during injunction.** When the commencement of an action is stayed by injunction, the time of the continuance of the injunction is not to be counted.

The application of the statute of limitations is a legal issue and accordingly, this Court reviews the trial court's decision *de novo*, with no presumption of correctness on the findings.

*Memphis Publ. Co. v. Cherokee Children & Family Service*, 87 S.W.3d 67, 74 (Tenn.2002); *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802-03 (Tenn.2000).

First, the court's reliance on Mills' Chapter 13 bankruptcy automatic stay as a means to suspend the running of the statute of limitations is erroneous. A bankruptcy stay itself cannot suspend the running of the statute of limitations. *Weaver v. Hamrick*, 907 S.W.2d 385, 391 (Tenn.1995). A suspension of the statute of limitations during an automatic stay can only result from a federal or state statute expressly providing for a suspension. *Weaver*, 907 S.W.2d at 391.. Section 108(c) of the U.S. Bankruptcy Code provides in pertinent part:

> **§ 108. Extension of time...(c)** Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of - -
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1202, or 1301 of this title, as the case may be, with respect to such claim.

Essentially, section 108(c) allows a creditor to act on a judgment within the applicable statute of limitations plus any time in which the statute of limitations was expressly suspended under state or federal law or thirty days after the stay is lifted, whichever is longer. Accordingly, "if the limitations period has expired and no other federal or state law mandates that the time period is suspended, then under section 108(c)(2), a party has only thirty days after the lifting of the stay to act." *Weaver*, 907 S.W.2d at 391-92.

Applying section 108(c) to this case, the Rabbitts had the longer of thirty days after the stay was lifted, which was April 6, 1995, or ten years from May 12, 1993 plus any time of suspension under state law in order to file their petition for a writ of scire facias. The automatic stay effected by bankruptcy filing does not suspend the statute of limitations, and thus, the only basis in which to find a suspension of the limitations period in this case was during the Order to Pay Judgment by Installments.

The Order to Pay Judgment by Installments expressly stayed "[t]he issuance, execution or return of any writ of garnishment or execution against wages or salary due the Defendant or any other funds belonging to the Defendant." The order, while injunctive in nature, did not prevent the Rabbitts in any form, from reviving their judgment. Instead, the order merely prevented the Rabbitts from executing on their judgment against Mills in any other fashion than the installment payments outlined in the order.

Additionally, the statute establishing the applicable ten-year statute of limitations in this matter is devoid of any language providing for tolling. The statute provides that "[t]he following actions shall be commenced within ten (10) years after the cause of action accured... Actions on judgments and decrees of courts of record of this or any other state or government." Tenn.Code Ann. § 28-3-110(2).

Tennessee Code Annotated section 28-3-110 was section 2776 of the Code of 1858. It has never been amended. Addressing specifically Tennessee Code Annotated section 28-3-110 and the possible tolling thereof, the Supreme Court of Tennessee held:

> In enacting this ten year limitation statute, Code section 8601, the legislature did not provide any tolling, either in this statute of any other statute, insofar as we can determine. "The statutes of limitations are looked upon by the courts with favor as statutes of repose." *City of Knoxville v. Gervin*, 169 Tenn. 532, 542, 89 S.W.2d 348, 352, 103 A.L.R. 877. It seems to us that if the legislature had seen fit to provide for a tolling period for the statute of limitations they would have, and they certainly could have, passed some kind of a tolling act as is now carried in the Code under section 8046 hereinabove referred to as a tolling act on the one year lien statute. The statute of limitations involved in the present case allows ten years from the time the cause of action accrues. Apparently the legislature considered this a sufficient length of time for an action to be brought on the judgment as originally rendered. Under our practice and under other provisions of the Code it is a very simple matter to renew this judgment before the ten years expires by either the suit on the judgment or by scire facias. Looking at the matter from this viewpoint and from the fact that it certainly seems that this is ample time and ample means have been taken by the legislature to preserve a judgment in force we cannot see any reason why the court should engraft on this statute a tolling period. To do so would to our minds be judicial legislation.

*Shepard v. Lanier*, 241 S.W.2d 587, 591-92 (Tenn.1951).

It has now been 54 years since this construction of the statute was pronounced by the Supreme Court, and the legislature has taken no action to either amend the statute or otherwise enact a tolling statute.

> The legislature is presumed to know the interpretation which courts make of its enactments; the fact that the legislature has not expressed disapproval of a judicial construction of a statute is persuasive evidence of legislative adoption of the judicial construction, especially where the law is amended in other particulars, or where the statute is reenacted without change in the part construed. *See Missouri v. Ross*, 299 U.S. 72, 57 S.Ct. 60, 81 L.Ed. 46 (1936); *Stern v. Miller*, 348 So.2d 303 (Fla.1977); *Hargrove v. Newsome*, 225 Tenn. 462, 470 S.W.2d 348 (1971); *Bottomly v. Ford*, 117 Mont. 160, 157 P.2d 108 (1945); *Cunningham v. Cunningham*, 120 Tex. 491,

40 S.W.2d 46 (1931); *Walling v. Brown*, 9 Idaho 740, 76 P. 318 (1904); *See also Krohn v. Richardson Merrell, Inc.*, 219 Tenn. 37, 406 S.W.2d 166 (1966); *McKinney v. Hardwick Clothes, Inc.*, 217 Tenn. 457, 398 S.W.2d 265 (1966).

The Tennessee Legislature's failure to change the Wrongful Death Statute to provide a right of action for a variable fetus, stillborn, implies approval of the definition of "person" given by this Court in *Hogan, Shousha, and Durrett*, and gives the judicial construction of the statute the effect of legislation.

Changing our construction of the statute at this time would amount to judicial legislation. We noted in *Hogan*, as follows:

"Where a right of action is dependent upon the provisions of a statute, as in the case at bar, we are not privileged to create such a right under the guise of a liberal interpretation of it. Judicial legislation has long been regarded by the legal profession as unwise, if not dangerous business. It is generally an ill-starred adventure by wilful men." 319 S.W.2d at 223.

*See also Royal Jewelers Co. v. Hake*, 185 Tenn. 254, 205 S.W.2d 963 (1947); *McBrayer v. Dixie Mercerizing Co.*, 176 Tenn. 560, 144 S.W.2d 764 (1940).

*Hamby v. McDaniel*, 559 S.W.2d 774, 776-77 (Tenn.1977).

This Court can find no precedent determining that an Order for Payment by Installments acts as a suspension of the statute of limitations. Nor can we find reason to engraft on this statute a tolling period. As a result, there was no basis for the trial court to suspend the running of the statute of limitations and the limitations period expired on May 12, 2003.

Because the Rabbitts failed to revive their judgment within the ten-year statute of limitations, they are barred from enforcement of their judgment against Mills. The judgment of the trial court is reversed and the case remanded for any further proceedings as may be necessary.

Costs of appeal are assessed against Appellees.

_____
WILLIAM B. CAIN, JUDGE